DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MOLLY M. LENS (S.B. #283867)
mlens@omm.com
KRISTIN MACDONNELL (S.B. #307124)
kmacdonnell@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067-6035
Telephone:  +1 310 553 6700
Facsimile:  +1 310 246 6779

JONATHAN D. HACKER (*pro hac vice*)
jhacker@omm.com
JOSHUA REVESZ (*pro hac vice*)
jrevesz@omm.com
O'MELVENY & MYERS  LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone:  +1 202 383 5300
Facsimile:  +1 202 383 5414

*Attorneys for Defendants*
*The Walt Disney Company, Lucasfilm Ltd.*
*LLC, and Huckleberry Industries (US) Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GINA CARANO,<br><br>Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, LUCASFILM LTD. LLC, and HUCKLEBERRY INDUSTRIES (US) INC.,<br><br>Defendants. | Case No. 2:24-cv-01009-SPG-SK<br><br>**DEFENDANTS THE WALT DISNEY COMPANY, LUCASFILM LTD. LLC, AND HUCKLEBERRY INDUSTRIES (US) INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Judge:  Hon. Sherilyn Peace Garnett |

# NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants The Walt Disney Company, Lucasfilm Ltd. LLC, and Huckleberry Industries (US) Inc. (collectively, "Defendants") respectfully submit this Notice of Supplemental Authority to alert the Court to a recent decision supporting Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, ECF No. 33.

On July 1, 2024, the Supreme Court of the United States issued an opinion in *Moody v. NetChoice, LLC*, attached as Exhibit A.  The First Amendment analysis in Part III of the Court's opinion is relevant to the parties' motion-to-dismiss arguments.  In particular, the Supreme Court held:

- That "ordering a party to provide a forum for someone else's views implicates the First Amendment" if "the regulated party is engaged in its own expressive activity, which the mandated access would alter or disrupt."  Op. 14.
- That "the First Amendment offers protection when an entity engaging in expressive activity, including compiling and curating others' speech, is directed to accommodate messages it would prefer to exclude," and that the challenged laws "target[] those expressive choices" by "forcing the [plaintiffs] to present and promote content on their feeds that they regard as objectionable."  Op. 17, 24.
- That none of the analysis "changes just because a compiler includes most items and excludes just a few," and that "[i]ndeed, that kind of focused editorial choice packs a peculiarly powerful expressive punch."  Op. 18; *see* Op. 24 ("That those platforms happily convey the lion's share of posts submitted to them makes no significant First Amendment difference.")

The language quoted above confirms that Disney has a right to exclude speech that alters its expressive activity, that the First Amendment protects its decision to

1 | decline to accommodate messages it would prefer to exclude, and that it does not
2 | lose its First Amendment right simply because it allowed others' speech.  Disney
3 | stands ready to provide briefing on these issues if ordered by the Court.

Dated: July 3, 2024

**O'MELVENY & MYERS LLP**

By: /s/ *Daniel M. Petrocelli*
Daniel M. Petrocelli

Daniel M. Petrocelli
dpetrocelli@omm.com
Molly M. Lens
mlens@omm.com
Kristin MacDonnell
kmacdonnell@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

Jonathan D. Hacker (*pro hac vice*)
jhacker@omm.com
Joshua Revesz (*pro hac vice*)
jrevesz@omm.com
1625 Eye Street NW
Washington, DC 20006
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

*Attorneys for Defendants The Walt Disney Company, Lucasfilm Ltd. LLC, and Huckleberry Industries (US) Inc.*