DONALD M. FALK (Cal. Bar #150256)
SCHAERR | JAFFE LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 562-4942
dfalk@schaerr-jaffe.com

EUGENE VOLOKH (Cal. Bar #194464)
SCHAERR | JAFFE LLP
385 Charles East Young Dr. East
Los Angeles, CA 90095
Tel: (310) 206-3926
evolokh@schaerr-jaffe.com

GENE C. SCHAERR (*pro hac vice*)
H. CHRISTOPHER BARTOLOMUCCI (*pro hac vice*)
EDWARD H. TRENT (*pro hac vice*)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Tel: (202) 787-1060
gschaerr@schaerr-jaffe.com
cbartolomucci@schaerr-jaffe.com
etrent@schaerr-jaffe.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GINA CARANO, | Case No.: 2:24-cv-01009-SPG-SK |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |
| v. | **[ECF NO. 43]** |
| THE WALT DISNEY COMPANY, et al., | |
| Defendants. | |

On July 3, 2024, Defendants, The Walt Disney Company, Lucasfilm Ltd. LLC, and Huckleberry Industries (US) Inc. (collectively, "Defendants") submitted a Notice of Supplemental Authority, ECF No. 43, pointing the Court to the July 1, 2024, decision of the United States Supreme Court in *Moody v. NetChoice, LLC*, Nos. 22-277 and 22-255, 2024 WL 3237685 (U.S. July 1, 2024), which concerned a legal issue that has no application here.

That case concerned how social media "platforms make choices about what third-party speech to display and how to display it." *Id.* at *5. The issue involved the granting and denial of preliminary injunctions directed at laws in Florida and Texas that seek to regulate, at least in some instances, the content-moderation policies of social media companies. *Id.* The First Amendment was raised in that context because, "[w]hen the platforms use their Standards and Guidelines to decide which third-party content those feeds will display, or how the display will be ordered and organized, they are making expressive choices. And because that is true, they receive First Amendment protection." *Id.* at *15. The Court then proceeded with a discussion of its prior decisions on the exercise of "editorial judgment" in the context of the First Amendment, an issue not relevant here. *Id.* at *5 ("The law then prevents exactly the kind of editorial judgments this Court has previously held to receive First Amendment protection."); *see also id.* at *9 (noting issues in case were about "whether there is an intrusion on protected editorial discretion" or "involve different levels of editorial choice"); *12 ("The government may not, in supposed pursuit of better expressive balance, alter a private speaker's own editorial choices about the mix of speech it wants to convey."); *14 ("The point is just that Texas's law profoundly alters the platforms' choices about the views

they will, and will not, convey."); *16 (referring to prior Court "decisions about editorial control" cited in Section III of the opinion).

In addressing the one aspect of the case that concerned such editorial judgment, the Court explained: "At bottom, Texas's law requires the platforms to carry and promote user speech that they would rather discard or downplay. The platforms object that the law thus forces them to alter the content of their expression—a particular edited compilation of third-party speech." *Id.* at *10. As set out in Carano's Response to Defendants' Motion to Dismiss, ECF No. 37, that is not the kind of expression at issue here.

Finally, the Court did not ultimately decide the underlying First Amendment issues presented in *Moody*, but rather vacated both the Eleventh Circuit and Fifth Circuit's opinions and remanded the cases for further consideration.[1]  2024 WL 3237685, at *9 ("The parties have not briefed the critical issues here [related to a facial challenge to the statutes], and the record is underdeveloped. So we vacate the decisions below and remand these cases."). Accordingly, the analysis in *Moody* is not applicable here and, as discussed in the June 12, 2024 hearing, the First Amendment issues that may ultimately be presented in this case are not resolvable on a Motion to Dismiss under the allegations of this Complaint. Rather, any

---

[1] Because of this, four Justices found the discussion cited by Defendants as "nonbinding dicta," *Moody,* 2024 WL 3237685, at *28 (Alito, J., concurring, joined by Thomas & Gorsuch, JJ.), and unnecessary because "[f]aced with difficult constitutional issues arising in new contexts on undeveloped records, this Court should strive to avoid deciding more than is necessary." *Id.* at *19 (Jackson, J., concurring in part and concurring in the judgment). Indeed, the Court noted that the discussion in part III of its opinion, cited by Defendants, was simply "to ensure that the facial analysis proceeds on the right path in the courts below." *Id.* at *9.

such issues can and should be addressed on summary judgment after full discovery.

Respectfully submitted,

Donald M. Falk (Cal. Bar #150256)
SCHAERR | JAFFE LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 562-4942
dfalk@schaerr-jaffe.com

Eugene Volokh (Cal. Bar #194464)
SCHAERR | JAFFE LLP
385 Charles East Young Dr. East
Los Angeles, CA 90095
Tel: (310) 206-3926
evolokh@schaerr-jaffe.com

<u>/s/ Gene C. Schaerr</u>
Gene C. Schaerr*
H. Christopher Bartolomucci*
Edward H. Trent*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Tel: (202) 787-1060
gschaerr@schaerr-jaffe.com
cbartolomucci@schaerr-jaffe.com
etrent@schaerr-jaffe.com

*Admitted *pro hac vice*

*Counsel for Plaintiff*

Dated:  July 11, 2024