DONALD M. FALK (Cal. Bar #150256)
SCHAERR | JAFFE LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 562-4942
Fax: (202) 776-0136
dfalk@schaerr-jaffe.com

EUGENE VOLOKH (Cal. Bar #194464)
evolokh@schaerr-jaffe.com
SCHAERR | JAFFE LLP
385 Charles East Young Dr. East
Los Angeles, CA 90095
Tel: (310) 206-3926

GENE C. SCHAERR (*pro hac vice*)
H CHRISTOPHER BARTOLOMUCCI (*pro hac vice*)
EDWARD H. TRENT (*pro hac vice*)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Tel: (202) 787-1060
gschaerr@schaerr-jaffe.com
cbartolomucci@schaerr-jaffe.com
etrent@schaerr-jaffe.com

*Counsel for Plaintiff*

DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MOLLY M. LENS (S.B. #283867)
mlens@omm.com
KRISTIN MACDONNELL (S.B. #307124)
kmacdonnell@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

JONATHAN D. HACKER (*pro hac vice pending*)
jhacker@omm.com
JOSHUA REVESZ (*pro hac vice*)
jrevesz@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARANO,<br><br>    Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, LUCASFILM LTD. LLC; and HUCKLEBERRY INDUSTRIES (US) INC.,<br><br>    Defendants. | Case No.: 2:24-CV-01009-SPG-SK<br><br>**JOINT REPORT OF PARTIES' RULE 26(f) CONFERENCE**<br><br>Assigned to:<br>Hon. Sherilyn Peace Garnett<br>Magistrate Judge Steve Kim<br><br>Original Complaint: 2/6/2024<br>Responsive Pleading: Motion to Dismiss, 4/9/2024<br>Proposed Trial Dates: 9/29/2025<br><br>**Scheduling Conference**<br>Date: TBD[1]<br>Time: TBD<br>Courtroom: 5C |

Pursuant to the Court's Order Granting Joint Stipulation Regarding Motion to Dismiss Briefing Schedule and Rule 26 Obligations (ECF No. 36), Plaintiff Gina Carano ("Carano"), and Defendants The Walt Disney Company, Lucasfilm Ltd. LLC, and Huckleberry Industries (US) Inc. (collectively, "Disney") hereby submit this Joint Report on all matters in the Court's Standing Order for Newly Filed Civil Cases, including those required to be discussed by Rule 26(f) and Local Rule 26-1. The positions set forth in this Joint Report are based on the parties' current understanding of the legal and factual issues involved in this case. The parties acknowledge that as discovery proceeds and the case progresses, the beliefs and views set forth herein may change or evolve.

---

[1] Given pre-planned travel schedules, to the extent that the Court would like to hold a Rule 16 scheduling conference, the parties respectfully request that it be scheduled for August 20 or later, with Carano's counsel requesting to attend via Zoom.

1.   **STATEMENT OF THE CASE**

Carano initiated this case on February 6, 2024. ECF 1. Disney moved to dismiss on April 9, 2024. ECF 33. Carano responded on May 9, 2024, ECF 37, and Disney replied on May 23, 2024, ECF 38. The Court held a hearing on June 12, 2024. ECF 40. Disney's motion was denied on July 24, 2024, ECF 45.

**Carano's Statement**: Gina Carano played the role of Cara Dune during the first two seasons of the Lucasfilm production of *The Mandalorian*. In 2020, Disney took adverse action against Carano for posts she made on her personal social media account, including her account on X (formerly Twitter) expressing her personal political opinions. Then on February 10, 2021, Lucasfilm put out a statement terminating Carano from her role due to her social media posts expressing her personal political opinions. As a result, Carano claims in Counts I and II of her Complaint that Disney violated California Labor Code §§ 1101, 1102, and 98.6 which prevents employers from threatening or discharging employees because of their political activities or beliefs, which includes the employee's political speech. In her social-media posts made on her own time and on her own social-media accounts, Carano expressed her personal political views, opinions, and beliefs. In retaliation for Carano's exercise of her speech rights and her political beliefs, Disney terminated Carano and are believed to have taken other actions to prevent Carano from obtaining other work in Hollywood. Additionally, because male actors were allowed to make political comments on social media without any adverse action, Carano claims in Count III of her Complaint that Disney discriminated against her on the basis of her sex in violation of California Code § 12940.

**Disney's Statement**: Beginning in 2018, Disney engaged Carano as a guest actor in *The Mandalorian*, a hit television program set within the *Star Wars* universe. As Carano's own fame rose with her character's, Carano began engaging with show fans and the public in a manner that, in Disney's view, came to distract

from and undermine Disney's own expressive efforts. Carano repeatedly made public declarations on controversial topics including pandemic-related closure orders, vaccine mandates, the legitimacy of the 2020 Presidential election, and the use of pronouns to show support for transgender rights. Carano ultimately shared an online post comparing criticism of politically conservative viewpoints to the Holocaust, which was the final straw for Disney. In response, Lucasfilm issued a statement condemning her posts and clarifying that Carano was not currently employed by Lucasfilm and there were no plans for her to be in the future. With her litigation funded by Elon Musk, Carano responded by suing Disney under California labor laws prohibiting employers from taking adverse employment actions on the basis of an employee's political activity. Carano alleges that Disney disassociated from her because she expressed political viewpoints Disney found objectionable. Disney contends, *inter alia*, that under the First Amendment, the state cannot force it to express its own artistic message through actors associated with political viewpoints Disney does not want linked to its own artistic message. Separate and apart from the First Amendment, Disney maintains that discovery will reflect that its decision to disassociate from Carano was entirely justified.

## 2.  SUBJECT MATTER JURISDICTION

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332 and 1343 because the suit is between persons and entities of different states[2] and Carano alleges that the amount in controversy exceeds $75,000 exclusive of interest, costs, and attorneys' fees. This Court has supplemental jurisdiction under 28 U.S.C. § 1367.

---

[2] Each party's citizenship is listed below under "(4) Parties, Evidence, Etc."

3. **LEGAL ISSUES**

**Procedural Issues**: The parties are not currently aware of any procedural issues.

**Substantive Issues**: The parties disagree whether Carano was employed by Disney on February 10, 2021, such that Disney could have "terminated" her, as Carano contends. The parties similarly disagree whether Carano applied for any employment at Disney, such that Disney could have "refused to hire her," as Carano contends. The parties further disagree whether Carano was "treated differently than her similarly situated male co-workers," as Carano contends. Additionally, the parties disagree that Disney may "reinstate Carano to her prior position," as Carano requests. This is not an exhaustive list of the parties' substantive disagreements.

**Evidentiary Issues**: The parties are not currently aware of any evidentiary issues.

4. **PARTIES, EVIDENCE, ETC.**

**Carano's Position**: Carano is an individual, and thus, does not have any subsidiaries, parents or affiliates.

Key witnesses and parties include:

- Gina Carano
- United Talent Agency
- ID PR
- Jon Favreau
- Pedro Pascal
- Kathleen Kennedy
- Bob Chapek
- Lynn Hale
- Bear Grylls

Key documents include:
- Carano's social media posts
- Communications between and/or among employees of Disney and/or their subsidiaries, contractors, or other related entities related to Carano's social media posts.
- Carano's contracts with Disney
- Communications between Disney (including its employees or agents) and Carano's former talent agency, publicist, and manager
- Communications between Disney (including its employees or agents) and other movie/show producers concerning Carano and any damages Carano suffered as a result of lost work due to such communications
- Documents showing plans for *Rangers of the New Republic* series as well as other series or movies in which Carano would have had a role
- Documents showing compensation Carano would have earned had Disney not unlawfully terminated her promised projects including but not limited to future seasons of *The Mandalorian*, *Rangers of the New Republic*, and *Star Wars* films that were to include the character Cara Dune.
- Social media posts made by Pedro Pascal, Mark Hamill, or other similarly situated employees or actors
- Documents related to Disney's treatment of similarly situated male employees or actors
- Documents or communications related to Disney's public statements regarding Plaintiff's termination
- Documents or communications relating to Disney's social media policies for employees.
- Documents or communications relating to Disney's diversity, equity, and inclusion programs and policies

- Documents or communications related to Disney's decision to terminate or disassociate from Carano and the reasons for that decision

**Disney's Position**: The Walt Disney Company is incorporated in Delaware with its principal place of business in California and is the parent company of both Lucasfilm Ltd. LLC and Huckleberry Industries (US) Inc. Lucasfilm Ltd. LLC is a wholly owned subsidiary of The Walt Disney Company incorporated and with its principal place of business in California. Huckleberry Industries (US) Inc. is a wholly owned subsidiary of The Walt Disney Company incorporated and with its principal place of business in California.

Although Disney disagrees with Carano's list of witnesses above, without repeating those already enumerated, Disney additionally identifies:

- Carrie Beck
- Paul Roeder

Again, although Disney disagrees with Carano's list of documents above, without repeating those already enumerated, Disney additionally identifies:

- Documents supporting Carano's claimed damages, including, without limitation, her claimed emotional distress and lost job opportunities outside of Disney.

5. **DAMAGES**

Carano seeks compensatory damages for (1) the loss of her employment from the date of termination, (2) the loss of future employment, (3) emotional distress, (4) punitive damages, (5) appropriate equitable relief, and (5) attorneys' fees and costs. Carano's calculation of damages remains ongoing and will be supported through expert testimony based on information obtained during discovery.

Disney disagrees that Carano has been damaged and/or is entitled to any of the requested damages.

**6.    INSURANCE**

Carano does not have any applicable insurance. Disney discloses the existence of an insurance policy, with further information about such policy to be disclosed as part of Disney's forthcoming Rule 26(a) disclosures.

**7.    MOTIONS**

    **a)    Procedural Motions**

Carano may seek to amend her complaint based upon evidence obtained through discovery or other new information. The parties agree that any amendments to the pleadings should be no later than December 20, 2024.

    **b)    Dispositive Motions**

The parties may move for summary judgment if supported by facts and evidence obtained through discovery. The parties propose **June 11, 2025**, as the last day for hearing dispositive motions. The issues likely to be addressed in Carano's motion include the reasons for Disney's termination of Carano, treatment of Carano, and treatment of similarly situated employees. The issues likely to be addressed in Disney's motion include the fact that Carano was not a Disney employee in February 2021, that Carano did not apply for any position at Disney for which Disney refused to hire her because of her political activity, Carano's inability to show that she was treated differently than any similarly situated male co-workers, and Disney's affirmative defense based on the First Amendment.

**8.    MANUAL FOR COMPLEX LITIGATION**

A manual for complex litigation is not applicable in this action.

**9.    DISCOVERY**

    **a)    Status of Discovery**

Pursuant to this Court's April 12, 2025 order, discovery and the parties' obligations to conduct a Rule 26(f) conference were deferred until July 12, 2024, subject to the parties' ability to request additional time, if appropriate. The parties agree to exchange initial disclosures on or before August 16, 2024.

**b)   Discovery Plan**

At this time, the parties do not believe discovery should be bifurcated or conducted in phases or that modifications of the discovery limitations set forth in the Federal Rules of Civil Procedure or the Local Rules are necessary.  Carano, however, anticipates that the limit on the number of depositions, but not the length of any particular deposition, may need to be modified depending on information obtained during discovery.

The parties anticipate discovery requests related to Carano's social media posts, communications with Carano's agents regarding her social media posts, social media posts by similarly situated males employees/actors and any disciplinary action taken against them as a result, Carano's guest actor agreements with Disney, Disney's decision to terminate (or disassociate from) Carano, and Carano's claimed damages, with the parties reserving their respective rights with respect to any such requests.

### i.   Initial Disclosures

The parties propose that no changes should be made to the form or requirement for making initial disclosures under Rule 26(a)(1).  The parties agree to exchange initial disclosures on or before August 16, 2024.

### ii.   Written Discovery

The parties plan to serve Requests for Production, Interrogatories, and/or Requests for Admission and may serve additional written discovery within the limits of the Federal Rules. The parties agree that any motions challenging the adequacy of discovery responses shall be filed timely, served and calendared sufficiently in advance of the discovery cut-off date to permit the revised responses to be obtained before that date, if the motion is granted.

### iii.   Depositions

<u>**Carano's Position**</u>: Carano intends to take at least 10 depositions, including Disney's employees involved in the decision to terminate Carano, a 30(b)(6)

deposition of each Defendant, designated experts, third party employees or entities for information relevant to damages, whether of individuals or according to Rule 30(b)(6), but the identities of many deponents are not yet known. Depositions shall take place in advance of the discovery cut-off date and after the parties complete written discovery necessary to conduct such depositions. Carano expects that given the nature of the case, more than the allowed ten depositions will be necessary to gain a complete picture of what occurred in her case.

**Disney's Position**: Disney intends to depose Carano. Disney may also want to depose Carano's former agents, including her publicist(s), manager(s), and agent(s). Disney reserves the right to identify additional witnesses to be deposed as the case progresses but disagrees that this is a sufficiently complicated or complex case warranting Carano's stated desire to exceed the 10-deposition limit under the Federal Rules. Disney also disagrees that a 30(b)(6) deposition "of each Defendant" is warranted, as Carano states.

### iv. Protective Order, Email Service and ESI

The parties agree to enter into a suitable stipulated Protective Order for protection of documents or information containing confidential, proprietary, trade secret or private personal information that may be subject to legal protections.

All electronically stored information that is responsive to a discovery request, or that must be produced with a party's initial disclosures, will be produced in a mutually agreed upon format, which will be reflected in a proposed Protective Order. Each party may request electronic copies of any paper documents produced. The parties agree that discoverable information contained electronically shall not be destroyed, deleted, or otherwise discarded. The parties have agreed to service via e-mail.

**c)   Discovery Cut-off**

The parties propose **April 18, 2025**, as the Fact Discovery Cut-Off Date in this matter, including resolution of all discovery motions. The parties agree that discovery need not be bifurcated or conducted in phases.

**d)   Expert Discovery**

The parties propose that all expert discovery and disclosures shall be governed under Fed. R. Civ. P. 26(a)(2), and propose the following expert discovery deadlines:

| | |
|---|---|
| Initial Expert Disclosures Due: | **April 11, 2025** |
| Rebuttal Expert Disclosures Due: | **May 11, 2025** |
| Expert Discovery Cut-Off/Closed: | **June 2, 2025** |

**e)   Settlement Conference/Alternative Dispute Resolution (ADR)**

No settlement negotiations have occurred as of the filing of this Report. No Notice of Court-Directed ADR has been filed. The parties are agreeable to private mediation. The parties propose **July 15, 2025**, as the last day to complete ADR.

**f)   Trial**

   **i.   Trial Estimate**

The parties estimate that trial will take **approximately one week**. The parties propose a trial date of **September 29, 2025**. Carano anticipates calling approximately 10 to 15 witnesses understanding this may change depending on discovery and any ruling on summary judgment. Disney currently anticipates calling approximately five witnesses.

   **ii.   Jury or Court Trial**

Plaintiff seeks a trial by jury.

   **iii.   Consent to Trial Before a Magistrate Judge**

The parties do not consent to having a Magistrate Judge preside over this action.

      **iv.**     **Lead Trial Counsel**

Lead Trial Counsel for Carano will be: (i) Gene C. Schaerr and (ii) Edward H. Trent.

Lead Trial Counsel for Disney will be (i) Daniel M. Petrocelli and (ii) Molly M. Lens.

**g)**     **Independent Expert or Master**

The parties do not believe that this is a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**h)**     **Other Issues.**

The parties are unaware of any other issues affecting the status or management of the case that should be discussed with the Court, nor do the parties have any proposals regarding severance, bifurcation, or other ordering of proof.

DATED: July 26, 2024                                SCHAERR | JAFFE LLP

By: <u>*/s/ Gene C. Schaerr*</u>
      Gene C. Schaerr

*Counsel for Plaintiff*

DATED: July 26, 2024                                O'MELVENY & MYERS LLP

By: <u>*/s/:Daniel M. Petrocelli*</u>
      Daniel M. Petrocelli

*Counsel for Defendants*

**ATTESTATION RE ELECTRONIC SIGNATURES**

The filer of this document attests that all other signatories to this document, on whose behalf this filing is submitted, concur as to the content and have authorized their signature and filing of the document.

DATED: July 26, 2024

                                SCHAERR | JAFFE LLP

                                By: <u>*/s/ Gene C. Schaerr*</u>
                                    Gene C. Schaerr

                              *Counsel for Plaintiff*

**JUDGE SHERILYN PEACE GARNETT**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
**The Court ORDERS the parties to make every effort to agree on dates.**

| Case No. 2:24-cv-01009-SPG-SK | Case Name: Carano v. The Walt Disney Company, et al. | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| Check one: [✓] Jury Trial or [ ] Court Trial [ ] Magistrate Judge (*Monday* at 8:30 a.m., within 12 months of Scheduling Conference) Estimated Duration: 5 Days | | 09/29/2025 | [ ] Jury Trial [ ] Court Trial |
| Final Pretrial Conference ("FPTC") [L.R. 16] (Wednesday at 3:00 p.m., at least 18 days before trial) | | 09/10/2025 | |
| **Event** [1] Note: Hearings shall be on **Wednesday** at 1:30pm. Other dates can be any day of the week | **Weeks Before FPTC**[2] | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| Last Date to Hear Motion to Amend Pleadings / Add Parties [Wednesday] | 24 | 12/20/2024 | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | 04/18/2025 | |
| Expert Disclosure (Initial) | 16 | 04/11/2025 | |
| Expert Disclosure (Rebuttal) | 14 | 05/11/2025 | |
| Expert Discovery Cut-Off | 13 | 06/02/2025 | |
| Last Date to Hear Motions[3] • Motions due at least 4 weeks before hearing; • Opposition due at least 3 weeks before hearing; • Reply due at least 2 weeks before hearing. | 12 | 06/11/2025 | |
| Last Date to Hear *Daubert* Motions | 8 | 07/16/2025 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: [ ] 1. Magistrate Judge *(with Court approval)* [ ] 2. Court's Mediation Panel [✓] 3. Private Mediation | 5 | 07/15/2025 | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)** • Motions *In Limine* (except *Daubert*) • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only) • Declarations containing Direct Testimony, if ordered (court trial only) | 4 | 08/13/2025 | |
| **Trial Filings (second round)** • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Additional Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations. of Direct Testimony (court trial only) | 2 | 08/27/2025 | |

[1] Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)4).

[2] The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.

[3] Before filing Rule 56 motions, parties must review and comply with the Court's Standing Order for MSJ, which sets forth the briefing schedule and specific requirements for joint briefing and filing such motions.