# EXHIBIT 1

Donald M. Falk, Cal. Bar #150256
SCHAERR | JAFFE LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
(415) 562-4942
dfalk@schaerr-jaffe.com

EUGENE VOLOKH, Cal. Bar #194464
SCHAERR | JAFFE LLP
385 Charles East Young Dr. East
Los Angeles, CA 90095
(310) 206-3926
evolokh@schaerr-jaffe.com

GENE C. SCHAERR (*pro hac vice*)
H. CHRISTOPHER BARTOLOMUCCI (*pro hac vice*)
EDWARD H. TRENT (*pro hac vice*)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
cbartolomucci@schaerr-jaffe.com
etrent@schaerr-jaffe.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GINA CARANO, | ) | Case No. 2:24-cv-01009-SPG-SK |
| Plaintiff, | ) | |
| v. | ) | **PLAINTIFF GINA CARANO'S** |
| | ) | **FIRST INTERROGATORIES,** |
| THE WALT DISNEY COMPANY, *et al.*, | ) | **REQUESTS FOR PRODUCTION OF DOCUMENTS, AND** |
| Defendants. | ) | **REQUESTS FOR ADMISSION TO DEFENDANTS** |

Exhibit 1
4

Plaintiff, Gina Carano, through undersigned counsel, hereby requests that Defendants The Walt Disney Company ("Disney"), Lucasfilm Ltd. LLC ("Lucasfilm"), and Huckleberry Industries (US) Inc. ("Huckleberry") (collectively, "Defendants") each answer the following interrogatories, produce the requested documents, and answer the following requests for admission pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36. All responsive documents and information should be delivered to Plaintiff at Schaerr Jaffe, LLP at 1717 K Street NW, Suite 900, Washington, DC 20006, etrent@schaerr-jaffe.com, within thirty (30) days from service, or by any other means agreed upon by the parties.

## INSTRUCTIONS

1.      These interrogatories, requests for production of documents, and requests for admission ("Discovery Requests") are governed by Federal Rules of Civil Procedure 26, 33, 34, and 36, as well as any applicable Local Rule. Those rules are incorporated herein.

2.      In responding to these Discovery Requests, Defendants shall identify and produce all documents and information within their possession, custody or control, wherever located, including documents in the possession of attorneys, representatives, agents, or other persons acting on Defendants' behalf.

3.      Unless stated otherwise, the date range for these requests is January 1, 2019, through the present.

4.      With regard to attorney-client and work-product privilege objections to interrogatories, describe the factual basis for your claims of privilege, including relevant dates, persons involved in the communication, subject matters involved, all persons present when the

Exhibit 1
5

communications occurred, all persons who have been told about any of the details of the communication, and other information that would permit the Court to adjudicate the validity of the claim of privilege.

5.    With regard to attorney-client and work-product privilege objections to the production of documents, you are requested to prepare an index listing each and every document or portion of document withheld, stating the document date, preparer, recipient(s), subject matter(s), and basis for your privilege objection.

6.    To the extent Defendants claim that any requested document or portion thereof is protected from release by any privilege or work-product immunity, Defendants shall redact the document and release all non-privileged portions of any such record or information.

7.    In responding to each Request for Production, if you do not produce a document in whole or in part because you are unable to do so, or for any other reason, you are requested to state the name and address of each person who you believe has custody, possession, or control of the document.  If any documents are withheld, not produced, or not searched for because of any objections, your response should so state.

8.    All documents should be produced in the same order as they are kept or maintained by you in the ordinary course of business and in the manual, booklet, binder, file, folder, envelope, or other container in which they are ordinarily kept or maintained. If for any reason the container cannot be produced, you shall produce copies of all labels or other identifying markings thereon.

9.    For all documents produced, you should identify the particular Request for Production to which each document is responsive.

Exhibit 1
6

10.    These Discovery Requests are intended to be a continuing obligation upon Defendants to furnish all information and documents requested herein until final disposition of this case. Defendants shall provide, through supplemental responses, additional documents and/or information as Defendants or any persons acting on their behalf may hereafter obtain as necessary to correct or update any previous response. Any such supplemental response shall be provided to Plaintiff promptly after the additional information is discovered, but in any event not later than 20 days after such discovery.

## DEFINITIONS

1.    "Complaint" means the Complaint [Doc. 1] that Plaintiff filed in the above-captioned civil action, as well as any amended complaint(s) that Plaintiff may file in this civil action after the date of these Discovery Requests.

2.    "Communications" means any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, including, but not limited to, in-person conversations, telephone calls, voice mail messages, computer or video calls, emails, text messages, social media postings, correspondence, letters, memoranda, internal communication messages on systems such as Slack, myDisneyToday, and Disney Rostr, pamphlets, brochures, conversations, dialogues, discussions, or Documents evidencing, recounting, or recording any such communication.

3.    "Document" means any written, recorded, digital, electronic, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes: agreements; contracts; letters; inter-office communications; memoranda;

Exhibit 1
7

reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; text messages; electronic communications including but not limited to social media and internal communication systems such as Slack, myDisneyToday, and Disney Rostr; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

4. "Identify" or "identity" means with respect to:

a. Person. When used with reference to a natural person, please state his or her full name, and if known, his or her present home or business address; present home, business, or cellular telephone number; and present or last known position and business affiliation.

b. Entity. When used with respect to an entity, such as a partnership, joint venture, trust or corporation, please state the full legal name of such entity, each name under which such entity does or has done business, the entity's street address, the entity's telephone number, the identity of the chief operating officer, manager, trustee or other principal representative, and the identity of those persons employed by or otherwise acting for such an entity who are known or are believed to possess the knowledge or

Exhibit 1
8

information responsive to the interrogatory and for which the entity was identified.

c. Facts and Events. When used with respect to facts or events, please describe the event with reasonable particularity, including the persons and documents involved in the facts or events.

5.    "Person" means any individual, firm, proprietorship, association, partnership, corporation, joint venture, or any other legal entity.

6.    "Defendant" or "Defendants" means Defendants in the above-captioned civil action, The Walt Disney Company, Lucasfilm Ltd. LLC, and/or Huckleberry Industries (US) Inc., including subsidiaries and entities under their control.

7.    "Relating to" shall mean in whole or in part evidencing, constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, referring, stating, supporting, proving, corroborating, contradicting, disproving, referring directly or indirectly to, dealing with, or in any way pertaining to.

8.    "Carano" or "Plaintiff" refers to Gina Carano, Plaintiff in this action.

Exhibit 1
9

# INTERROGATORIES

1.     Identify each person who made, approved or was consulted (whether or not employed by or affiliated with Defendants or any of them) on the decision to terminate Carano from her role as Cara Dune in *The Mandalorian*, including who you contend was the ultimate decisionmaker (i.e., the one who made the final decision). For each, state his/her recommendation and the date he/she was consulted or made his/her decision.

RESPONSE:


2.     Identify each person and entity responsible for drafting, editing, commenting on, approving, and/or issuing Lucasfilm's public statement made on or about February 10, 2021: "Gina Carano is not currently employed by Lucasfilm and there are no plans for her to be in the future. Nevertheless, her social media posts denigrating people based on their cultural and religious identities are abhorrent and unacceptable."[1] In doing so, please identify the person who you claim was the ultimate decisionmaker (i.e., the one who made the final decision) to approve the publication of the statement.

RESPONSE:


3.     Identify each person or entity who approved, recommended, or was consulted (whether or not employed by or affiliated with

---

[1] Daniel Holloway, *Lucasfilm, UTA Drop 'Mandalorian' Star Gina Carano Following Offensive Social Media Posts*, Variety (Feb. 10, 2021), http://tinyurl.com/3ac2rybe.

Exhibit 1
10

Defendants) regarding Defendants' decision to cancel or not cast Plaintiff in the series *Rangers of the New Republic* (see Complaint ¶¶ 27–28), including who you contend was the ultimate decisionmaker for each (i.e., the one who made the final decision).    For each, state his/her recommendation and the date he/she was consulted or made his/her decision.

RESPONSE:

4.    Identify each person or entity who approved, recommended, or was consulted (whether or not employed by or affiliated with Defendants) regarding Defendants' decision to not cast Plaintiff in the planned *Star Wars* full-length feature film *The Mandalorian & Grogu*,[2] including who you contend was the ultimate decisionmaker for each (i.e., the one who made the final decision).    For each, state his/her recommendation and the date he/she was consulted or made his/her decision.

RESPONSE:

[2] Brady Langmann, *The Mandalorian & Grogu: Everything We Know* (Jan. 10, 2024), https://tinyurl.com/3ce6e3pv.

Exhibit 1
11

5.     Identify each person who (1) required or requested Carano to participate in media training, (2) required or requested her to meet with representatives of GLAAD (Gay & Lesbian Alliance Against Discrimination), (3) requested or suggested that she issue a public apology/statement or (4) requested or suggested that she participate in a Zoom call with Lucasfilm president Kathleen Kennedy and various employees who identify as part of the LBGTQ+ community following her placement of "boop/bop/beep" in her X/Twitter profile in September 2020. (See Complaint ¶¶ 75–77, 81).    For each such person, state which decision(s) in which the person was involved and the role the person played.

RESPONSE:

6.     Identify each person tasked with monitoring Plaintiff's social media accounts, who instructed such person(s) to monitor this social media information, and the approximate dates that person was tasked to monitor Plaintiff's social media accounts.

RESPONSE:

7.     Identify each person involved with the decision to remove the episode of *Running Wild with Bear Grylls* featuring Carano from the show's scheduled lineup in 2021 and state the role each such person had in that decision, including who you contend was the ultimate decisionmaker (i.e., the one who made the final decision).

RESPONSE:

Exhibit 1
12

8.    Identify each person tasked with monitoring the hashtags #FireGinaCarano, #weloveGinaCarano, #westandwithGinaCarano, or similar hashtags or posts related to Plaintiff on social media, who instructed such person(s) to monitor this social media information, and the approximate dates that person was tasked to monitor the social media content.

RESPONSE:

Exhibit 1
13

## REQUESTS FOR PRODUCTION

1.     All Documents or Communications that support your answer
to Interrogatory No. 1.

RESPONSE:

2.     All Documents or Communications that support your answer
to Interrogatory No. 2.

RESPONSE:

3.     All Documents or Communications that support your answer
to Interrogatory No. 3.

RESPONSE:

4.     All Documents or Communications that support your answer
to Interrogatory No. 4.

RESPONSE:

5.     All Documents or Communications that support your answer
to Interrogatory No. 5.

RESPONSE:

Exhibit 1
14

6.     All Documents or Communications that support your answer to Interrogatory No. 6.

RESPONSE:

7.     All Documents or Communications that support your answer to Interrogatory No. 7.

RESPONSE:

8.     All Documents or Communications that support your answer to Interrogatory No. 8.

RESPONSE:

9.     All Documents and Communications related to your decision to terminate or disassociate from Gina Carano, including but limited to all Documents and Communications setting out the reasons for that decision, the individuals involved or consulted in the decision, and when the decision was first considered and ultimately made.

RESPONSE:

Exhibit 1
15

10.    All posts on any Defendant-controlled social media account or internal communication platform regarding Plaintiff, including but not limited to her performance in *The Mandalorian*, her social media posts, and/or her termination.

RESPONSE:

11.    All Communications with X/Twitter, Instagram, or any social media platform relating to Plaintiff.  This request for production does not seek social media posts by Defendants through any company social media account, but rather Communications with employees of any social media companies related to Plaintiff, including but not limited to any posts by Plaintiff on those social media platforms, her termination from *The Mandalorian*, or Defendants' February 10, 2021 statement regarding Plaintiff's termination (see Complaint ¶¶ 30–32).

RESPONSE:

12.    All Communications with Plaintiff's publicist, ID PR, concerning or related to any social media posts or public comments of Plaintiff.  This includes but is not limited to Plaintiff's termination and the topics addressed in Interrogatory No. 5. Your response should include any Documents or other material provided with such Communications.

RESPONSE:

Exhibit 1
16

13.   All Communications with Plaintiff's publicist, ID PR, concerning or related to Defendants' decision to terminate Plaintiff from *The Mandalorian* and/or future projects. Your response should include any Documents or other material provided with such Communications.

RESPONSE:


14.   All Communications with United Talent Agency concerning or related to any social media posts or public comments by or about Plaintiff. This includes but is not limited to Plaintiff's termination and the topics addressed in Interrogatory No. 5.   Your response should include any Documents or other material provided with such Communications.

RESPONSE:


15.   All Communications with United Talent Agency concerning or related to Defendants' decision to terminate Plaintiff from *The Mandalorian* and/or future projects. Your response should include any Documents or other material provided with such Communications.

RESPONSE:

Exhibit 1
17

16.    All Communications with any manager or agent representing Carano concerning or related to Plaintiff's social media posts or public comments. This includes but is not limited to Plaintiff's termination and the topics addressed in Interrogatory No. 5.   Your response should include any Documents or other material provided with your Communications.

RESPONSE:

17.    All Communications with any manager, agent, or attorney representing Plaintiff, concerning or related to Defendants' decision to terminate Plaintiff from *The Mandalorian* and/or future projects.  Your response should include any Documents or other material provided with such Communications.

RESPONSE:

18.    All Communications with any television, movie, or streaming content producer regarding Plaintiff.  Your response should include any Documents or other material provided with your Communications.

RESPONSE:

Exhibit 1
18

19.    All Documents or Communications concerning or related to any social media posts or public comments of Pedro Pascal, Mark Hamill, or any member of *The Mandalorian* cast or crew besides Plaintiff.

RESPONSE:

20.    All Documents or Communications, including internal communications, concerning or related to any discipline of Pedro Pascal, Mark Hamill, or any other member of *The Mandalorian* cast or crew due to their social media posts or public comments, including but not limited to those cited in the Complaint ¶¶ 129–143.

RESPONSE:

21.    All Documents or Communications concerning or related to the drafting and issuance of Lucasfilm's public statement on or about February 10, 2021: "Gina Carano is not currently employed by Lucasfilm and there are no plans for her to be in the future. Nevertheless, her social media posts denigrating people based on their cultural and religious identities are abhorrent and unacceptable."[3] This should include all drafts, edits, and communications related to the statement.

RESPONSE:

[3] Daniel Holloway, *Lucasfilm, UTA Drop 'Mandalorian' Star Gina Carano Following Offensive Social Media Posts*, Variety (Feb. 10, 2021), http://tinyurl.com/3ac2rybe.

Exhibit 1
19

22.    All Documents or Communications supporting, concerning or related to Disney's then-CEO Bob Chapek's statement that Plaintiff and/or her statements "didn't align with Company values."    (See Complaint ¶ 34.)

RESPONSE:

23.    All Documents or Communications that support Disney's then-CEO Bob Chapek's statement that Disney's values are "values that are universal: values of respect, values of decency, values of integrity, and values of inclusion."[4]

RESPONSE:

24.    All Documents concerning or related to Defendants' social media policies for employees, including all Communications with employees regarding such policies.

RESPONSE:

[4] Naledi Ushe, *Disney CEO Says Company Stands for 'Values That Are Universal' in Wake of Gina Carano's Firing*, People Mag. (Mar. 9, 2021), http://tinyurl.com/mvkz39pe.

Exhibit 1
20

25.    All Documents or Communications concerning or related to Defendants' diversity, equity, and inclusion programs and policies, including all Communications with employees regarding such programs and policies.

RESPONSE:


26.    All Documents related to or Communications with the 501st Legion, https://www.501st.com/, an international costuming organization celebrating Star Wars, concerning any interaction with Plaintiff at any conference, convention, event or FanFest at which Plaintiff was to be present.

RESPONSE:


27.    All Communications with X/Twitter, Instagram, or any social media platform that concerned or related to any post by Plaintiff, including but not limited to any request that any post or material posted by Plaintiff be removed from the social media platform.  Your response should include any Documents or other material provided with your Communications.

RESPONSE:

Exhibit 1
21

28.    All Documents or Communications regarding the use of "bots" or electronically generated or managed social media accounts to publish any material on social media related to or concerning Plaintiff.

RESPONSE:

29.    All Documents or Communications concerning or related to plans for the inclusion of the Cara Dune character in any movie or project under consideration from 2019 to the present.

RESPONSE:

30.    All Documents or Communications concerning or related to the decision to create a new Star Wars spinoff entitled *Rangers of the New Republic* or some similar title that would feature or include the character Cara Dune (see Complaint ¶¶ 27–28).

RESPONSE:

31.    All contracts and Documents showing all compensation provided to lead actors on *The Mandalorian* or similar Star Wars series on Disney+, including but not limited to contracts for Pedro Pascal, Carl Weathers, Amandla Stenberg (from *The Acolyte*), Diego Luna (from *Andor*) and Rosario Dawson (from *Ahsoka*).

RESPONSE:

Exhibit 1
22

32.    All Documents or Communications concerning or related to the decision to cancel or not produce *Rangers of the New Republic* or any production with a similar title (see Complaint ¶ 113).

RESPONSE:

33.    All Documents or Communications concerning or related to the decision to remove the episode of *Running Wild with Bear Grylls* featuring Plaintiff from the show's scheduled lineup in 2021.

RESPONSE:

34.    All Documents or Communications concerning or related to the decision to ultimately air the episode of *Running Wild with Bear Grylls* featuring Plaintiff, including any record of any communications with Bear Grylls related to the airing of the episode in 2021.

RESPONSE:

35.    All Documents or Communications concerning or related to the decision to remove all mention of Plaintiff's name or likeness in any promotional material or listings of the episode of *Running Wild with Bear Grylls* featuring Plaintiff.[5]

RESPONSE:

---

[5] Drunk3PO, *Disney Refuses to Use Gina Carano's Name in Bear Grylls Running Wild Episode*, YouTube (May 5, 2021), http://tinyurl.com/2aca7pck.

Exhibit 1
23

36.    All Documents or Communications concerning or related to Defendants' monitoring the hashtags #FireGinaCarano, #weloveGinaCarano, #westandwithGinaCarano, or other hashtags concerning Plaintiff on social media, including all posts collected, saved, or retained from monitoring the hashtags.

RESPONSE:

37.    All Documents or Communications collected, saved, or retained from any monitoring of social media content related to or posted by Plaintiff.

RESPONSE:

38.    All Documents or Communications concerning or related to the decision to prepare a report on Carano following the events of January 6, 2021, as stated in the email sent by Lynne Hale of Lucasfilm on January 8, 2021, including a copy of any such report, along with any drafts, edits and notes used to create any such report (see Complaint ¶¶ 95–97).

RESPONSE:

Exhibit 1
24

39.    All Documents or Communications concerning or related to the GoFundMe page "Trans Rights are Human Rights: This is the Way" found   at    https://www.gofundme.com/f/trans-rights-are-human-rights-this-is-the-way.

RESPONSE:


40.    All Documents or Communications concerning or related to Plaintiff's placing "boop/bop/beep" in her X/Twitter profile on or about September 12, 2020 (see Complaint ¶ 65).

RESPONSE:


41.    All Documents or Communications concerning or related to media training Plaintiff was required or requested to attend in September 2020 (see Complaint ¶¶ 75–77, 81, 84).

RESPONSE:


42.    All Documents related to any other employee required or requested to attend media or any human resources training based in whole or part on posts the employee made on social media, including but not limited to Pedro Pascal, Mark Hamill, and James Gunn.

RESPONSE:

Exhibit 1
25

43.    All Documents or Communications related to the requirement or request that Plaintiff meet with members of GLAAD in September 2020 following the listing of "boop/bop/beep" in her X/Twitter profile (see Complaint ¶¶ 76).

RESPONSE:

44.    All Documents or Communications related to any other employee required or requested to meet with members of GLAAD or any other social advocacy organization because of posts the employee made on social media, including but not limited to Pedro Pascal, Mark Hamill, and James Gunn.

RESPONSE:

45.    All Documents or Communications related to the request that Plaintiff issue a public statement or apology for listing "boop/bop/beep" in her X/Twitter profile header in September 2020 (see Complaint ¶¶ 77–78).

RESPONSE:

Exhibit 1
26

46.    All Documents or Communications related to any other employee required or requested to issue a public statement or apology because of posts the employee made on social media, including but not limited to Pedro Pascal, Mark Hamill, and James Gunn.

RESPONSE:


47.    All Documents or Communications related to the request for Plaintiff to meet by Zoom with Kathleen Kennedy and employees of Lucasfilm who identify with the LGBTQ+ community in September 2020 (see Complaint ¶ 81).

RESPONSE:


48.    All Documents or Communications related to any other employee required or requested to participate in a meeting with a supervisor and other employees because of posts the employee made on social media, including but not limited to Pedro Pascal, Mark Hamill, and James Gunn.

RESPONSE:


49.    All Documents or Communications related to the promotion of Plaintiff for an Emmy for her work on *The Mandalorian* in or about May 2021.

RESPONSE:

Exhibit 1
27

50.    All Documents or Communications with toy companies, merchandizers, or creators of digital or print collateral or advertising for *The Mandalorian* concerning or related to Plaintiff or her character Cara Dune.

RESPONSE:


51.    All Documents showing hours worked on set for each actor in Seasons 1 and 2 of *The Mandalorian*.

RESPONSE:


52.    All Documents showing compensation for each actor in Seasons 1 and 2 of *The Mandalorian*.

RESPONSE:


53.    All Documents or Communications evidencing or related to any complaint of harassment, sexual harassment, or discrimination made by or against any member of the cast or crew (including producers, directors, or anyone involved in the production of the show) during Seasons 1 and 2 of *The Mandalorian*.

RESPONSE:

Exhibit 1
28

54.  All Documents related to Plaintiff's employment with
Defendants or her role in *The Mandalorian* or any other production of
Defendants, including any personnel file, record of compensation,
benefits, performance evaluations, commendations, or other material
related to any work she performed for Defendants.

RESPONSE:


55.  All Documents showing any person or entity to whom
Defendants disseminated their statement related to Plaintiff's
termination: "Gina Carano is not currently employed by Lucasfilm and
there are no plans for her to be in the future. Nevertheless, her social
media posts denigrating people based on their cultural and religious
identities are abhorrent and unacceptable."[6]  Your response should
include all postings of the statement on any social media account
controlled by Defendants and any Communications with YouTube
personalities, podcasts, website operators, fan forums, news/press
organizations, talent agencies, public relations firms or other third
parties (such as Pablo Hildago, Joe Organa, or fans of Star Wars).

RESPONSE:


[6] Daniel Holloway, Lucasfilm*, UTA Drop 'Mandalorian' Star Gina
Carano Following Offensive Social Media Posts*, VARIETY (Feb. 10,
2021), http://tinyurl.com/3ac2rybe.

Exhibit 1
29

56. All Communications with any persons or entities, including YouTube personalities, podcasts, website operators, fan forums, news/press organizations, talent agencies, advertising developers, social media companies, public relations firms or other third parties (such as Pablo Hildago, Joe Organa, or fans of Star Wars) regarding Plaintiff, including but not limited to her social media posts and/or her termination from *The Mandalorian*.

RESPONSE:

57. All Communications with any persons or entities, including YouTube personalities, podcasts, website operators, fan forums, news/press organizations, talent agencies, advertising developers, social media companies, public relations firms or other third parties (such as Pablo Hildago, Joe Organa, or fans of Star Wars) regarding removing information or displays of Plaintiff or her likeness from any promotions (including any advertisements) of Disney+, Star Wars, or *The Mandalorian*.

RESPONSE:

Exhibit 1
30

58.    All Documents showing all political contributions made by Defendants, their officers, directors and employees, whether to individual candidates, political action committees, or political organizations such as the Democratic Party, Republican Party, ActBlue, or any other organization, to support political candidates or causes, showing to whom the donation was made, the amount, and the date of the donation.

RESPONSE:

59.    All Documents related to the hiring of any publicist, communications firm, or outside organization to monitor communications, posts, or comments made on the internet (including websites) or social media regarding or related to Gina Carano, including but not limited to the use of algorithms to monitor, control, or influence what is posted or shows up in internet searches related to Gina Carano and/or her character Cara Dune, including contracts for services, communications with any such organization regarding any such monitoring or activity, and any requests or efforts to influence the content of information available or related to Gina Carano.

RESPONSE:

60.    All Documents listed in Defendants' Rule 26(a) Initial Disclosures.

RESPONSE:

Exhibit 1
31

**REQUESTS FOR ADMISSION**

1.     Admit that Defendants authorized the publishing or dissemination of the following statement: "Gina Carano is not currently employed by Lucasfilm and there are no plans for her to be in the future. Nevertheless, her social media posts denigrating people based on their cultural and religious identities are abhorrent and unacceptable."[7]

RESPONSE:


2.     Admit that Defendants did not terminate or disassociate from Pedro Pascal for any of his social media posts.

RESPONSE:


3.     Admit that Defendants did not terminate or disassociate from Mark Hamill for any of his social media posts.

RESPONSE:


4.     Admit that Defendants did not terminate or disassociate from Carl Weather for any of his social media posts.

RESPONSE:


[7] Daniel Holloway, *Lucasfilm, UTA Drop 'Mandalorian' Star Gina Carano Following Offensive Social Media Posts*, Variety (Feb. 10, 2021), http://tinyurl.com/3ac2rybe.

Exhibit 1
32

5. Admit that Carl Weathers' social media posts listed in paragraph 106 of the Complaint do not align with Defendants' values as identified by Bob Chapek in his statement set out in paragraph 34 of the Complaint.

RESPONSE:

6. Admit that each of Pedro Paschal's social media posts listed in paragraphs 131, 133, 134, and 136 of the Complaint do not align with Defendants' values as identified by Bob Chapek in his statement set out in paragraph 34 of the Complaint.

RESPONSE:

7. Admit that each of Mark Hamill's social media post listed in paragraphs 138, 139, and 140 of the Complaint does not align with Defendants' values as identified by Bob Chapek in his statement set out in paragraph 34 of the Complaint.

RESPONSE:

8. Admit that James Gunn's social media posts listed in paragraph 144 of the Complaint do not align with Defendants' values as identified by Bob Chapek in his statement set out in paragraph 34 of the Complaint.

RESPONSE:

Exhibit 1
33

Respectfully submitted,

Donald M. Falk
Cal. Bar #150256
SCHAERR | JAFFE LLP
Four Embarcadero Center
Suite 1400
San Francisco, CA 94111
(415) 562-4942
dfalk@schaerr-jaffe.com

Eugene Volokh
Cal. Bar #194464
SCHAERR | JAFFE LLP
385 Charles East Young Dr. East
Los Angeles, CA 90095
(310) 206-3926
evolokh@schaerr-jaffe.com

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
H. Christopher Bartolomucci*
Edward H. Trent*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
cbartolomucci@schaerr-jaffe.com
etrent@schaerr-jaffe.com

*Admitted *pro hac vice*

*Counsel for Plaintiff*

Dated:  July 30, 2024

Exhibit 1
34

**CERTIFICATE OF SERVICE**

I certify that a copy of the forgoing was served on counsel for Defendants via email this 30th day of July, 2024.

Daniel Petrocelli
Molly Lens
O'Melveny & Meyers
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
dpetrocelli@omm.com
mlens@omm.com

*/s/ Gene C. Schaerr*
Gene C. Schaerr

Exhibit 1
35

STATE OF CALIFORNIA  )

COUNTY OF _____)


I, _____, being first duly sworn, make oath and state that the facts as set forth in the foregoing Answers to Interrogatories are true and correct to the best of my knowledge, information and belief.  Any information contained herein not personally known by me I believe to be true.


_____

[name and title]


Sworn and subscribed to before me,

this the ___ day of _____, 2024.



_____

Notary Public

My Commission Expires: _____

Exhibit 1
36