# EXHIBIT 2

DONALD M. FALK (Cal. Bar #150256)
SCHAERR | JAFFE LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 562-4942
Fax: (202) 776-0136
dfalk@schaerr-jaffe.com

EUGENE VOLOKH (Cal. Bar #194464)
evolokh@schaerr-jaffe.com
SCHAERR | JAFFE LLP
385 Charles East Young Dr. East
Los Angeles, CA 90095
Tel: (310) 206-3926

GENE C. SCHAERR (*pro hac vice*)
H. CHRISTOPHER BARTOLOMUCCI (*pro hac vice*)
EDWARD H. TRENT (*pro hac vice*)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Tel: (202) 787-1060
gschaerr@schaerr-jaffe.com
cbartolomucci@schaerr-jaffe.com
etrent@schaerr-jaffe.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

GINA CARANO,

        Plaintiff,

      v.

THE WALT DISNEY COMPANY, LUCASFILM LTD. LLC; and HUCKLEBERRY INDUSTRIES (US) INC.,

        Defendants.

**Case No.: 2:24-CV-01009-SPG-SK**

**NOTICE OF INTENT TO SERVE SUBPOENAS TO PRODUCE DOCUMENTS**

Assigned to:
Hon. Sherilyn Peace Garnett
Magistrate Judge Steve Kim

Please take notice that, pursuant to Federal Rule of Civil Procedure 45(a)(4), Plaintiff, by and through her undersigned counsel, intend to serve the attached

1

Exhibit 2
37

Subpoenas to Produce Documents upon the following, on this day, or as soon thereafter as service may be effected:

> I/D Public Relations, Inc.
> c/o Robert Nii
> 8530 Wilshire Blvd., Suite 200
> Beverly Hills, CA 90211

> United Talent Agency, LLC
> c/o CT Corporation System
> 330 North Brand Blvd., Suite 700
> Glendale, CA 91203

Dated:  August 5, 2024

Respectfully submitted,

/s/ Gene C. Schaerr
Gene C. Schaerr*
H. Christopher Bartolomucci*
Edward H. Trent*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com
cbartolomucci@schaerr-jaffe.com
etrent@schaerr-jaffe.com

Donald M. Falk, Cal. Bar #150256
SCHAERR | JAFFE LLP
Four Embarcadero Center
Suite 1400
San Francisco, CA 94111
Telephone: (415) 562-4942
Facsimile: (202) 776-0136
dfalk@schaerr-jaffe.com

2

Exhibit 2
38

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Eugene Volokh, Cal. Bar #194464
SCHAERR | JAFFE LLP
385 Charles East Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 206-3926
evolokh@schaerr-jaffe.com

*Admitted *pro hac vice*

*Counsel for Plaintiff*

3

Exhibit 2
39

**CERTIFICATE OF SERVICE**

I certify that a copy of the forgoing was served on counsel for Defendants via email this 5th day of August, 2024.

Daniel Petrocelli
Molly Lens
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
dpetrocelli@omm.com
mlens@omm.com

*/s/ Gene C. Schaerr*
Gene C. Schaerr

4

Exhibit 2
40

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| GINA CARANO, | ) |
| *Plaintiff* | ) |
| v. | ) |
| THE WALT DISNEY COMPANY, et al., | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  2:24-cv-01009-SPG-SK

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  I/D Public Relations, Inc., c/o Robert Nii, 8530 Wilshire Blvd., Ste. 200, Beverly Hills, CA 90211

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: Electronic Return preferred: etrent@schaerr-jaffe. Mailing:Eugene Volokh, Schaerr Jaffe LLP, 385 Charles E. Young Dr. East, Los Angeles, CA 90095 | Date and Time: 09/06/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  08/05/2024

*CLERK OF COURT*

OR

_____          /s/ Edward H. Trent
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ Plaintiff, Gina Carano _____ , who issues or requests this subpoena, are:

Edward Trent,Schaerr Jaffe LLP,1717 K St.NW,Ste.900,Washington,DC 20006(202)787-1060,etrent@schaerr-jaffe.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 2
41

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-cv-01009-SPG-SK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                        *Server's signature*

                                               _____
                                                        *Printed name and title*

                                               _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

Exhibit 2
42

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit 2
43

*Gina Carano v. The Walt Disney Company, et al.*
U.S. District Court for the Central District of California
No. 2:24-cv-01009-SPG-SK

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Responsive documents may be provided by mail, email, cloud access or electronic storage device. Each request for production of documents and records is subject to the definitions and instructions provided below.

### INSTRUCTIONS

1.     This subpoena is served pursuant to Federal Rule of Civil Procedure 45.

2.     In responding to this subpoena, you should identify and produce all documents within your possession, custody, or control, wherever located, including documents in the possession of attorneys, representatives, agents, or other persons acting on your behalf that are responsive to the requests below.

3.     Unless stated otherwise, the date range for these requests is January 1, 2019, through the present.

4.     We request that all documents be produced in the same order as they are kept or maintained by you in the ordinary course of business and in the manual, booklet, binder, file, folder, envelope, or other container in which they are ordinarily kept or maintained, including copies of all labels or other identifying markings on the documents or folders/binders in which they are kept.

Exhibit 2
44

5.      If there are no records responsive to a particular Request, please so state in writing.

6.      If you have questions regarding these requests or need additional time to respond, please contact Edward H. Trent at (202) 787-1060 or etrent@schaerr-jaffe.com.

## DEFINITIONS

1.      "Communications" means any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, including, but not limited to, emails, texts, social media postings, voice mail messages, Zoom or other video call recordings, correspondence, letters, memoranda, pamphlets, brochures, conversations, dialogues, or discussions.

2.      "Defendant" or "Disney" means The Walt Disney Company, Lucasfilm Ltd. LLC, and/or Huckleberry Industries (US) Inc.

3.      "Document" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; inter-office communications; memoranda; reports; spreadsheets; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; calendar events; minutes of meetings, conferences, and telephone or other conversations or communications; invoices;

2

Exhibit 2
45

recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic mail; text messages; electronic communications (such but not limited to social media communications, direct messaging, or similar methods of electronic communications); ledgers; financial statements; microfilm; microfiche; tape or disc recordings; video recordings; and computer print-outs.

4. "Person" means any individual, firm, proprietorship, association, partnership, corporation, joint venture, or any other legal entity.

5. "Plaintiff" means Gina Carano.

6. "Relating to" shall mean in whole or in part evidencing, constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, referring, stating, supporting, proving, corroborating, contradicting, disproving, referring directly or indirectly to, dealing with, or in any way pertaining to.

7. "You" or "your" means I/D Public Relations, Inc. (I/D PR) or any agents thereof, including employees, individuals, and entities of I/D PR.

## DOCUMENT REQUESTS

1. All Communications exchanged between you (including, but not limited to Larissa Saenz, Leah Chang, and Elise Mesa) and any Defendant (Disney, Lucasfilm, and/or Huckleberry) (including any representative or attorney for Disney, Lucasfilm, and/or Huckleberry), relating to Carano. This

3

Exhibit 2
46

includes, but is not limited to, Communications relating to: (a) your
representation of Carano; (b) the decision to terminate your representation of
Carano; (c) any of Carano's social media posts; (d) any request that Carano
undergo media training, meet with Kathleen Kennedy and other Lucasfilm
employees; meet with representatives of any advocacy group; or issue a public
statement or apology due to any social media post, including but not limited to
Carano listing "boop/bop/beep" in her X/Twitter header rather than pronouns
in our about September 2020; (e) Disney, Lucasfilm, and/or Huckleberry's
decision to terminate their working relationship with Carano; (f) discussion
and/or negotiation of roles for Carano in any Disney, Lucasfilm, and/or
Huckleberry production, including terms of all contracts and compensation for
her performance; and (g) any other correspondence having to do with Carano.

2.      All Communications with any agent (including United Talent
Agency), manager, or other individual or entity representing Carano.

3.      All Documents and Communications related to your
representation of Carano, including all efforts to market her to specific
entertainment producers or the general public.

4.      All Communications exchanged between you (including, but not
limited to Larissa Saenz, Leah Chang, and Elise Mesa) and third parties
regarding (a) potential jobs or projects for Carano (including any
communication withdrawing any prior offers or interest in working with

4

Exhibit 2
47

Carano), (b) efforts to monitor or censor Carano's social media posts and/or accounts, (c) requests that information be removed from Carano's social media accounts; and (d) the decision to terminate any professional representation of Carano.

5.    All Documents and Communications relating to Carano's social media posts and/or accounts.

6.    All Communications with Carano regarding (a) her social media posts or (b) communications with Disney, Lucasfilm, and/or Huckleberry regarding or concerning Carano.

7.    All Documents relating to any notations you (including, but not limited to Larissa Saenz, Leah Chang, and Elise Mesa) made preparing for, during, or after any Communications with Disney, Lucasfilm, and/or Huckleberry or third parties related to or concerning Carano.

8.    All Documents and Communications relating to the drafting or issuance of Lucasfilm's public statement issued on or about February 10, 2021, announcing that Carano was "not currently employed" and its view that "her social media posts denigrating people based on their cultural and religious identities are abhorrent and unacceptable." This should include any Communications with Disney, Lucasfilm, and/or Huckleberry that such a statement would or had been issued or seeking your input (including, but not limited to Larissa Saenz, Leah Chang, and Elise Mesa) on any such statement.

5

Exhibit 2
48

9.     All Documents and Communications that concern or are related to your decision to no longer work with Carano as a client, including but not limited to any requests from Disney, Lucasfilm, and/or Huckleberry or other third parties that you no longer represent Carano.

6

Exhibit 2
49

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| GINA CARANO, | ) |
| *Plaintiff* | ) |
| v. | ) |
| THE WALT DISNEY COMPANY, et al., | ) |
| | ) |
| *Defendant* | ) |

Civil Action No. 2:24-cv-01009-SPG-SK

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: United Talent Agency, LLC, c/o CT Corporation System, 330 North Brand Blvd., Ste. 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: Electronic Return preferred: etrent@schaerr-jaffe. Mailing: Eugene Volokh, Schaerr Jaffe LLP, 385 Charles E. Young Dr. East, Los Angeles, CA 90095 | Date and Time: 09/06/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/05/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Edward H. Trent |
| Signature of Clerk or Deputy Clerk | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff, Gina Carano _____ , who issues or requests this subpoena, are:

Edward Trent, Schaerr Jaffe LLP, 1717 K St. NW, Ste.900, Washington, DC 20006 (202)787-1060, etrent@schaerr-jaffe.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 2
50

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-cv-01009-SPG-SK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit 2
51

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
**(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
**(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
**(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
**(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
**(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit 2
52

*Gina Carano v. The Walt Disney Company, et al.*
U.S. District Court for the Central District of California
No. 2:24-cv-01009-SPG-SK

**ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS**

Documents may be mailed, emailed or provided via a cloud or electronic storage device. Each request for production of documents and records is subject to the definitions and instructions provided below.

**INSTRUCTIONS**

1.      This subpoena is served pursuant to Federal Rule of Civil Procedure 45.

2.      In responding to this subpoena, you should identify and produce all documents within your possession, custody, or control, wherever located, including documents in the possession of attorneys, representatives, agents, or other persons acting on your behalf that are responsive to the requests below.

3.      Unless stated otherwise, the date range for these requests is January 1, 2019, through the present.

4.      We request that all documents be produced in the same order as they are kept or maintained by you in the ordinary course of business and in the manual, booklet, binder, file, folder, envelope, or other container in which they are ordinarily kept or maintained, including copies of all labels or other identifying markings on the documents or folders/binders in which they are kept.

Exhibit 2
53

5.      If there are no records responsive to a particular Request, please so state in writing.

6.      If you have questions regarding these requests or need additional time to respond, please contact Edward H. Trent at (202) 787-1060 or etrent@schaerr-jaffe.com.

## DEFINITIONS

1.      "Communications" means any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, including, but not limited to, emails, texts, social media postings, voice mail messages, Zoom or other video call recordings, correspondence, letters, memoranda, pamphlets, brochures, conversations, dialogues, or discussions.

2.      "Defendant" or "Disney" means The Walt Disney Company, Lucasfilm Ltd. LLC, and/or Huckleberry Industries (US) Inc.

3.      "Document" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; inter-office communications; memoranda; reports; spreadsheets; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; calendar events; minutes of meetings, conferences, and telephone or other conversations or communications; invoices;

2

Exhibit 2
54

recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic mail; text messages; electronic communications (such as but not limited to social media communications, direct messaging, or similar methods of electronic communications); ledgers; financial statements; microfilm; microfiche; tape or disc recordings; video recordings; and computer print-outs.

4.  "Person" means any individual, firm, proprietorship, association, partnership, corporation, joint venture, or any other legal entity.

5.  "Plaintiff" means Gina Carano.

6.  "Relating to" shall mean in whole or in part evidencing, constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, referring, stating, supporting, proving, corroborating, contradicting, disproving, referring directly or indirectly to, dealing with, or in any way pertaining to.

7.  "You" or "your" means United Talent Agency, LLC or any agents thereof, including employees, individuals, and entities of United Talent Agency.

## DOCUMENT REQUESTS

1.  All Communications exchanged between you (including, but not limited to Dean Fluker, Ryan Muckenthaler, and/or Shani Rosenzweig) and Disney, Lucasfilm, and/or Huckleberry (including any representative or

3

Exhibit 2
55

attorney for Disney, Lucasfilm, and/or Huckleberry), relating to Carano. This includes, but is not limited to, Communications relating to: (a) your representation of Carano; (b) the decision to terminate your representation of Carano; (c) any of Carano's social media posts; (d) any request that Carano undergo media training, meet with Kathleen Kennedy and other Lucasfilm employees; meet with representatives of any advocacy group; or issue a public statement or apology due to any social media post, including but not limited to Carano listing "boop/bop/beep" in her X/Twitter header rather than pronouns in our about September 2020; (e) Disney, Lucasfilm, and/or Huckleberry's decision to terminate their working relationship with Carano; (f) discussion and/or negotiation of roles for Carano in any Disney, Lucasfilm, and/or Huckleberry production, including terms of all contracts and compensation for her performance; and (g) any other correspondence having to do with Carano.

2.    All Communications exchanged between you and any productions of Disney, Lucasfilm, and/or Huckleberry (including any representative or attorney for Disney, Lucasfilm, and/or Huckleberry) utilizing the Gina Carano Team email (ginacaranoteam@unitedtalent.com).

3.    All Communications with any agent, manager, publicist (including but not limited to I/D Public Relations, Inc. (I/D PR)), or any other person or entity representing Carano.

4

Exhibit 2
56

4.   All   Documents   and   Communications   related   to   your
representation of Carano, including all efforts (including, but not limited to
those by Dean Fluker, Ryan Muckenthaler, and/or Shani Rosenzweig) to
market her, have her cast in any theatrical (movie, television, or streaming)
production, and efforts at negotiating roles and compensation with Disney,
Lucasfilm, and/or Huckleberry.

5.   All Communications exchanged between you (including, but not
limited to Dean Fluker, Ryan Muckenthaler, and/or Shani Rosenzweig) and
third parties regarding (a) potential jobs or projects for Carano (including any
communication withdrawing any prior offers or interest in working with
Carano), (b) efforts to monitor or censor Carano's social media posts and/or
accounts, (c) requests that information be removed from Carano's social media
accounts; and (d) the decision to terminate any professional representation of
Carano.

6.   All Documents and Communications relating to Carano's social
media posts and/or accounts.

7.   All Communications with Carano regarding (a) her social media
posts or (b) communications with Disney, Lucasfilm, and/or Huckleberry
regarding or concerning Carano.

5

Exhibit 2
57

8.     All Documents relating to any notations you made preparing for, during, or after any Communications with Disney, Lucasfilm, and/or Huckleberry or third parties related to or concerning Carano.

9.     All Documents and Communications relating to the drafting or issuance of Lucasfilm's public statement issued on or about February 10, 2021, announcing that Carano was "not currently employed" and its view that "her social media posts denigrating people based on their cultural and religious identities are abhorrent and unacceptable."  This should include any Communications with Disney, Lucasfilm, and/or Huckleberry that such a statement would or had been issued or seeking your input (including, but not limited to input from Dean Fluker, Ryan Muckenthaler, and/or Shani Rosenzweig) regarding any such statement.

10.     All Documents and Communications that concern or are related to your decision to no longer work with Carano as a client, including but not limited to any requests from Disney, Lucasfilm, and/or Huckleberry or other third parties that you no longer represent Carano.

6

Exhibit 2
58

DONALD M. FALK (Cal. Bar #150256)
SCHAERR | JAFFE LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 562-4942
Fax: (202) 776-0136
dfalk@schaerr-jaffe.com

EUGENE VOLOKH (Cal. Bar #194464)
evolokh@schaerr-jaffe.com
SCHAERR | JAFFE LLP
385 Charles East Young Dr. East
Los Angeles, CA 90095
Tel: (310) 206-3926

GENE C. SCHAERR (*pro hac vice*)
H. CHRISTOPHER BARTOLOMUCCI (*pro hac vice*)
EDWARD H. TRENT (*pro hac vice*)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Tel: (202) 787-1060
gschaerr@schaerr-jaffe.com
cbartolomucci@schaerr-jaffe.com
etrent@schaerr-jaffe.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GINA CARANO,<br><br>          Plaintiff,<br><br>    v.<br><br>THE WALT DISNEY COMPANY, LUCASFILM LTD. LLC; and HUCKLEBERRY INDUSTRIES (US) INC.,<br><br>          Defendants. | **Case No.: 2:24-CV-01009-SPG-SK**<br>**NOTICE OF INTENT TO SERVE SUBPOENAS TO PRODUCE DOCUMENTS**<br><br>Assigned to:<br>Hon. Sherilyn Peace Garnett<br>Magistrate Judge Steve Kim |

Please take notice that, pursuant to Federal Rule of Civil Procedure 45(a)(4), Plaintiff, by and through her undersigned counsel, intend to serve the attached

Exhibit 2
59

Subpoenas to Produce Documents upon the following, on this day, or as soon thereafter as service may be effected:

>501st Legion
>127 Grist Mill Drive
>Acworth, GA 30101
>Attn: Kris Kuipers

>Meta Platforms, Inc.
>c/o CSC-Lawyers Incorporating Service
>2710 Gateway Oaks Drive, Suite 150N
>Sacramento, CA 95833

Dated:  August 20, 2024

Respectfully submitted,

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
H. Christopher Bartolomucci*
Edward H. Trent*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com
cbartolomucci@schaerr-jaffe.com
etrent@schaerr-jaffe.com

Donald M. Falk, Cal. Bar #150256
SCHAERR | JAFFE LLP
Four Embarcadero Center
Suite 1400
San Francisco, CA 94111
Telephone: (415) 562-4942
Facsimile: (202) 776-0136
dfalk@schaerr-jaffe.com

Exhibit 2
60

Eugene Volokh, Cal. Bar #194464
SCHAERR | JAFFE LLP
385 Charles East Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 206-3926
evolokh@schaerr-jaffe.com

*Admitted *pro hac vice*

*Counsel for Plaintiff*

Exhibit 2
61

## CERTIFICATE OF SERVICE

I certify that a copy of the forgoing was served on counsel for Defendants via email this 20th day of August, 2024.

Daniel Petrocelli
Molly Lens
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
dpetrocelli@omm.com
mlens@omm.com

*/s/ Gene C. Schaerr*
Gene C. Schaerr

Exhibit 2
62

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | | |
|---|---|---|
| GINA CARANO, | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  2:24-cv-01009-SPG-SK |
| THE WALT DISNEY COMPANY, et al., | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            501st Legion, 127 Grist Mill Drive, Acworth, GA 30101, Attn: Kris Kuipers

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: Electronic Return Preferred: ETrent@schaerr-jaffe.com. Mailing: Bryan P. Tyson, Taylor English Duma LLP 1600 Parkwood Circle, Suite 200, Atlanta, GA 30339 | Date and Time: 09/20/2024 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     08/20/2024

| _CLERK OF COURT_ | OR | |
|---|---|---|
| | | /s/ Edward H. Trent |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Plaintiff, Gina Carano_____ , who issues or requests this subpoena, are:
Edward Trent,Schaerr Jaffe LLP,1717 K St.NW,Ste.900,Washington,DC 20006(202)787-1060,etrent@schaerr-jaffe.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 2
63

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-01009-SPG-SK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit 2
64

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit 2
65

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Documents may be mailed, emailed, or provided via a cloud or electronic storage device. Each request for production of documents and records is subject to the definitions and instructions provided below.

## INSTRUCTIONS

1.    This subpoena is served pursuant to Federal Rule of Civil Procedure 45.

2.    In responding to this subpoena, you should identify and produce all documents within your possession, custody, or control, wherever located, including documents in the possession of attorneys, representatives, agents, or other persons acting on your behalf that are responsive to the requests below.

3.    Unless stated otherwise, the date range for these requests is January 1, 2019, through the present.

4.    We request that all documents be produced in the same order as they are kept or maintained by you in the ordinary course of business and in the manual, booklet, binder, file, folder, envelope, or other container in which they are ordinarily kept or maintained, including copies of all labels or other identifying markings on the documents or folders/binders in which they are kept.

Exhibit 2
66

5.    If there are no records responsive to a particular Request, please so state in writing.

6.    If you have questions regarding these requests or need additional time to respond, please contact Edward H. Trent at (202) 787-1060 or etrent@schaerr-jaffe.com.

## DEFINITIONS

1.    "Communications" means any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, including, but not limited to, emails, texts, social media postings, voice mail messages, Zoom or other video call recordings, correspondence, letters, memoranda, pamphlets, brochures, conversations, dialogues, or discussions.

2.    "Defendant" or "Defendants" means The Walt Disney Company, Lucasfilm Ltd. LLC, and/or Huckleberry Industries (US) Inc.

3.    "Document" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; inter-office communications; memoranda; reports; spreadsheets; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; calendar events; minutes of meetings, conferences, and telephone or other conversations or communications; invoices;

Exhibit 2
67

recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic mail; text messages; electronic communications (such as but not limited to social media communications, direct messaging, or similar methods of electronic communications); ledgers; financial statements; microfilm; microfiche; tape or disc recordings; video recordings; and computer print-outs.

4.    "Person" means any individual, firm, proprietorship, association, partnership, corporation, joint venture, or any other legal entity.

5.    "Plaintiff" or "Carano" means the Plaintiff, Gina Carano.

6.    "Relating to" shall mean in whole or in part evidencing, constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, referring, stating, supporting, proving, corroborating, contradicting, disproving, referring directly or indirectly to, dealing with, or in any way pertaining to.

7.    "You" or "your" means the 501st Legion or any agents thereof, including employees, individuals, and entities of 501st Legion.

## REQUESTS FOR PRODUCTION

1.    All Communications exchanged between you and Disney, Lucasfilm, and/or Huckleberry (including any representative or attorney for Disney, Lucasfilm, and/or Huckleberry), relating to Carano. This includes, but is not limited to, Communications relating to: (a) any efforts to monitor or

Exhibit 2
68

censor interaction with or information about Carano; (b) Carano's social media posts or accounts; (c) encouragement or discouragement from Disney, Lucasfilm, and/or Huckleberry to interact with Carano online or at events, including Comic Conventions and Fan Fests; and (d) any further communications having to do with Carano, including but not limited to Disney, Lucasfilm, and/or Huckleberry's termination of Carano from her role on *The Mandalorian*.

2.    All Communications exchanged between you and Disney, Lucasfilm, and/or Huckleberry relating to interacting with any current or former *Star Wars* franchise or *Mandalorian* actor, including but not limited to Pedro Pascal, Mark Hamill, and James Gunn.

3.    All Communications exchanged between you and third parties regarding or concerning Carano.

4.    All Documents and internal Communications regarding or concerning Carano.

5.    All Documents relating to any notations you made preparing for, during, or after any Communications with Disney, Lucasfilm, Huckleberry or third parties regarding or concerning Carano.

Exhibit 2
69

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | | |
|---|---|---|
| GINA CARANO, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:24-cv-01009-SPG-SK |
| THE WALT DISNEY COMPANY, et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Meta Platforms, Inc., c/o CSC-Lawyers Incorporating Service,
                 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment A.

| Place: Electronic Return Preferred: ETrent@schaerr-jaffe.com<br>Mailing: Donald M. Falk, Schaerr \| Jaffe LLP,<br>Four Embarcadero Ctr., Ste. 1400, San Francisco, CA 94111 | Date and Time:<br><br>09/20/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     08/20/2024

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Edward H. Trent<br>_____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff, Gina Carano_____ , who issues or requests this subpoena, are:

Edward Trent,Schaerr Jaffe LLP,1717 K St.NW,Ste.900,Washington,DC 20006(202)787-1060,etrent@schaerr-jaffe.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 2
70

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:24-cv-01009-SPG-SK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit 2
71

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit 2
72

## ATTACHMENT A – SUBPOENA FOR DOCUMENTS AND RECORDS

Documents may be mailed, emailed, or provided via a cloud or electronic storage device. Each request for production of documents and records is subject to the definitions and instructions provided below.

## INSTRUCTIONS

1.      This subpoena is served pursuant to Federal Rule of Civil Procedure 45.

2.      In responding to this subpoena, you should identify and produce all documents within your possession, custody, or control, wherever located, including documents in the possession of attorneys, representatives, agents, or other persons acting on your behalf that are responsive to the requests below.

3.      Unless stated otherwise, the date range for these requests is January 1, 2019, through the present.

4.      We request that all documents be produced in the same order as they are kept or maintained by you in the ordinary course of business and in the manual, booklet, binder, file, folder, envelope, or other container in which they are ordinarily kept or maintained, including copies of all labels or other identifying markings on the documents or folders/binders in which they are kept.

Exhibit 2
73

5.    If there are no records responsive to a particular Request, please so state in writing.

6.    If you have questions regarding these requests or need additional time to respond, please contact Edward H. Trent at (202) 787-1060 or etrent@schaerr-jaffe.com.

## DEFINITIONS

1.    "Communications" means any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, including, but not limited to, emails, texts, social media postings, voice mail messages, Zoom or other video call recordings, correspondence, letters, memoranda, pamphlets, brochures, conversations, dialogues, or discussions.

2.    "Defendant" or "Defendants" means The Walt Disney Company, Lucasfilm Ltd. LLC, and/or Huckleberry Industries (US) Inc or agents thereof.

3.    "Document" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; inter-office communications; memoranda; reports; spreadsheets; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; calendar events; minutes of meetings, conferences, and telephone or other conversations or communications; invoices;

Exhibit 2
74

recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic mail; text messages; electronic communications (such as but not limited to social media communications, direct messaging, or similar methods of electronic communications); ledgers; financial statements; microfilm; microfiche; tape or disc recordings; video recordings; and computer print-outs.

4.      "Person" means any individual, firm, proprietorship, association, partnership, corporation, joint venture, or any other legal entity.

5.      "Plaintiff" or "Carano" means the Plaintiff, Gina Carano.

6.      "Relating to" shall mean in whole or in part evidencing, constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, referring, stating, supporting, proving, corroborating, contradicting, disproving, referring directly or indirectly to, dealing with, or in any way pertaining to.

7.      "You" or "your" means Meta or any agents thereof, including employees, individuals, subsidiaries, programs, applications, and entities of Meta, including but not limited to Facebook, Messenger, Instagram, and WhatsApp.

## REQUESTS FOR PRODUCTION

1.      All Communications exchanged between you and Disney, Lucasfilm, and/or Huckleberry (or any attorney for or other representative of

Exhibit 2
75

Disney, Lucasfilm, and/or Huckleberry) regarding or concerning Carano, including but not limited to Communications relating to: (a) requests to take down, censor, or limit the accessibility of Carano's posts; (b) reporting alleged copyright violations associated with any material posted by Carano; and/or (c) actual removal of Carano's posts or content.

2.    All Documents related to any complaints from any user, account holder, or third party (including but not limited to Disney, Lucasfilm, and/or Huckleberry) related to accounts owned by or any posts made by Carano.

3.    All Documents related to any investigation related to bots, artificial intelligence-generated posts, or automated accounts posting information about or related to Carano and/or her character Cara Dune, including any Documents capturing any posts by bots or automated accounts and any Documents showing the owner(s) of the bot or automated accounts.

4.    All Documents and Communications related to investigations into platform manipulation involving Gina Carano or Cara Dune.

5.    All Documents and Communications related to spam associated with Gina Carano or Cara Dune.

6.    All Documents relating to any notations you made preparing for, during, or after any Communications with Disney, Lucasfilm, and/or Huckleberry or third parties related to Carano or her character Cara Dune.

Exhibit 2
76

7.      All Documents and Communications (including but not limited to those with Disney, Lucasfilm, and/or Huckleberry) related to the Facebook account or group GinaCarano.net and GinaCarano.net Fan Community (Gina Carano Fan Page), including but not limited to any investigation into whether GinaCarano.net and/or GinaCarano.net Fan Community (Gina Carano Fan Page) violated any Meta policy, including but not limited to impersonating Gina Carano, and any decision to terminate those account(s).

8.      All Documents and Communications (including but not limited to those with Disney, Lucasfilm, and/or Huckleberry) related to the hashtags #firecarano, #fireginacarano, and #firecaradune.

9.      All Documents related to any posts on Gina Carano's Instagram or Facebook accounts you censored, flagged, removed, or determined violated any Meta policy, including all Documents on what policy was violated, those related to your determination that a post violated Meta policy, and the posts found to be in violation of Meta policy.

10.     All Documents related to posts, existing, deleted, or removed by Meta, from Instagram or Facebook accounts from *The Mandalorian* actor Pedro Pascal.

11.     All Documents related to a finding that any posts on *The Mandalorian* actor Pedro Pascal's Instagram or Facebook accounts violated any Meta policy, including copies of such posts.

Exhibit 2
77

12.     All Documents related to posts, existing, deleted, or removed by Meta, from Instagram or Facebook accounts from *Star Wars* actor Mark Hamill.

13.     All Documents related to a finding that any posts on Mark Hamill's Instagram or Facebook accounts violated any Meta policy, including copies of such posts.

14.     All Documents related to posts, existing, deleted, or removed by Meta, from Instagram or Facebook accounts from director James Gunn.

15.     All Documents related to a finding that any posts on James Gunn's Instagram or Facebook accounts violated any Meta policy, including copies of such posts.

Exhibit 2
78