DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MOLLY M. LENS (S.B. #283867)
mlens@omm.com
KRISTIN MACDONNELL (S.B. #307124)
kmacdonnell@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

JONATHAN D. HACKER (*pro hac vice*)
jhacker@omm.com
JOSHUA REVESZ (*pro hac vice*)
jrevesz@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

*Attorneys for Defendants*
*The Walt Disney Company, Lucasfilm Ltd.*
*LLC, and Huckleberry Industries (US) Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GINA CARANO, | Case No. 2:24-cv-01009-SPG-SK |
| Plaintiff, | **DEFENDANTS THE WALT DISNEY COMPANY, LUCASFILM LTD. LLC, AND HUCKLEBERRY INDUSTRIES (US) INC.'S ANSWER PLAINTIFF GINA CARANO'S COMPLAINT** |
| v. | |
| THE WALT DISNEY COMPANY, LUCASFILM LTD. LLC, and HUCKLEBERRY INDUSTRIES (US) Inc., | **DEMAND FOR JURY TRIAL** |
| Defendants. | District Judge: |
|  | Hon. Sherilyn Peace Garnett |
|  | Magistrate Judge: |
|  | Hon. Steve Kim |

1    Defendants The Walt Disney Company and its affiliates Lucasfilm Ltd. LLC
2    ("Lucasfilm") and Huckleberry Industries (US) Inc. ("Huckleberry" and
3    collectively, "Disney") hereby answer the Complaint filed by Plaintiff Gina Carano
4    ("Plaintiff" or "Carano") on February 6, 2024 ("the Complaint").  Except as
5    expressly admitted herein, Disney denies any and all allegations set forth in the
6    Complaint.  Disney further answers the numbered paragraphs in the Complaint as
7    follows:

8    **<u>INTRODUCTION</u>**

9    Disney produces and disseminates artistic performances through film,
10   television, and digital media.  One of those productions is *The Mandalorian*, a
11   television show set in the *Star Wars* universe.  Disney engaged Plaintiff Gina
12   Carano as a guest actor to play bounty hunter Cara Dune in various episodes of the
13   first two seasons of *The Mandalorian*.

14   As Carano's own fame rose with her character's, Carano began engaging
15   with show fans and the public in a manner that Disney considered distracting from
16   and damaging to its own expressive efforts.  As her complaint alleges, Carano made
17   public declarations blaming pandemic-related closure orders and vaccine mandates
18   for causing widespread suicides and murders, attacking the legitimacy of the 2020
19   Presidential election, and mocking the identification of preferred pronouns as a
20   means of showing support for transgender rights.  The coup de grace came in
21   February 2021, when Carano admittedly reposted on Instagram a meme comparing
22   criticism of politically conservative viewpoints to the Nazi Holocaust.  As Carano
23   told the world: "Jews were beaten in the streets, not by Nazi soldiers but by their
24   neighbors…even by children.  ☹.  'Because history is edited, most people today
25   don't realize that to get to the point where Nazi soldiers could easily round up
26   thousands of Jews, the government first made their own neighbors hate them
27   simply for being Jews.  How is that any different from hating someone for their
28   political views?'"

- 2 -

Disney considered Carano's widely-seen post an offensive trivialization of the Holocaust.  In Disney's view, criticism of political conservatives should not be compared to the annihilation of millions of Jewish people—notably, not "thousands," as Carano's post stated.  Seeking to dissociate itself and its artistic programming from Carano's objectionable public statements, Disney publicly announced that it did not plan to cast her in any future productions.

Carano objects to Disney's efforts to control and protect its own artistic expression.  According to Carano, Disney can and should be held legally liable for deciding not to cast Carano to perform Disney's art.  But the laws she invokes do not apply on their own terms, and the Constitution would protect Disney from liability if they did.  California Labor Code §§ 1101, 1102, and 98.6 do not apply because Carano was not employed by Disney and had not applied for employment.  California Government Code § 12940 does not apply because Carano is not similarity situated to male actors who made different statements on different topics.  And the First Amendment in any event protects Disney's right to decide which actors will perform major roles in its artistic productions.  For these and other reasons, Carano's effort to wield state power to regulate Disney's artistic expression should be rejected.

## JURISDICTION AND VENUE

1.      Paragraph 1 contains legal argument and/or conclusions of law to which no answer is required.

2.      Paragraph 2 contains legal argument and/or conclusions of law to which no answer is required.

3.      Disney admits that Carano purports to bring this action under Cal. Lab. Code §§ 1101-1105, § 98.6, and Cal. Gov't. Code § 12940, but denies that it violated any such provisions.

4.      Disney admits that Exhibit A purports to be a Notice of Right to Sue that Carano received from the California Civil Rights Department, though Disney

intends to take discovery to confirm as such, but avers that the balance of Paragraph 4 contains legal argument and/or conclusions of law to which no answer is required.

## NATURE OF THE CASE

5.     Disney admits that it disassociated with Carano, as articulated in Lucasfilm's February 10, 2021 statement, and that Bob Chapek was the CEO of TWDC on such date.  Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Carano composed and published the posts while she was off-duty and away from the workplace" and on that basis denies the same.  Disney denies the balance of the allegations of Paragraph 5 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required (including, for the avoidance of doubt, any allegations that Disney "terminated Carano's employment").

6.     Disney admits that Carano portrayed and represented the fictional character, Cara Dune, in two seasons of *The Mandalorian*, and that Carano purportedly expressed views, opinions, and beliefs in her posts.  Disney denies the balance of the allegations of Paragraph 6 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

7.     Disney denies the allegations of Paragraph 7 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

8.     Disney denies the allegations of Paragraph 8 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

## PARTIES

9.     Disney lacks knowledge or information sufficient to form a belief as to the truth of such allegations and on such basis denies the same.

10.     Disney admits that TWDC is a Delaware corporation with its principal place of business in Burbank, California.  The balance of Paragraph 10 contains legal argument and/or conclusions of law to which no answer is required.

11.     Disney admits that Lucasfilm is a California corporation with its principal place of business in San Francisco, California, and that it is a wholly owned indirect subsidiary of TWDC.  The balance of Paragraph 11 contains legal argument and/or conclusions of law to which no answer is required.

12.     Disney admits that Huckleberry is a California corporation with its principal place of business in San Francisco, California, and that it is a wholly owned indirect subsidiary of TWDC.  The balance of Paragraph 12 contains legal argument and/or conclusions of law to which no answer is required.

13.     Disney denies the allegations of Paragraph 13 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

## FACTUAL ALLEGATIONS

14.     Disney admits that Carano was a mixed-martial arts fighter prior to acting professionally, but lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 14 and on that basis denies the same.

15.     Disney admits the allegations of Paragraph 15 based on information and belief.

16.     Disney admits based on information and belief that Carano was ranked No. 5 on Yahoo!'s "Top Ten Influential Women of 2008" list, but lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 16 and on that basis denies the same.

17.     Disney admits the allegations of Paragraph 17 based on information and belief.

18.     Disney admits the allegations of Paragraph 18 based on information and belief.

19.     Disney admits the allegations of Paragraph 19 based on information and belief.

20.    Disney admits the allegations of Paragraph 20 based on information and belief.

21.    Disney denies the allegations of Paragraph 21 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required, except that Disney admits that Huckleberry entered into an agreement with Raven C., Inc. for the provision of guest performer services from Carano on *Huckleberry* (*i.e., The Mandalorian*) for episodes 104, 107A & 107B, and 108 on September 18, 2018 and that Carano played the fictional character Cara Dune.

22.    Disney admits the allegations of Paragraph 22.

23.    Disney admits that Carano portrayed and represented the fictional character, Cara Dune, who became a recognized and popular character in *The Mandalorian*, that Huckleberry's September 18, 2018 agreement with Raven C, Inc. for the provision of guest performer services by Carano lists Carano as a "Guest Actor" with payment of $25,000 per episode across episodes 104, 107A & 107B, and 108, and that Huckleberry entered into SAG-AFTRA HBSVOD Minimum Three-Day or Weekly Agreements with Raven C., Inc. for the provision of guest performer services by Carano on episodes 104, 107A & 107B, and 108, but otherwise denies the balance of the allegations of Paragraph 23 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

24.    Disney admits that Carano's agent sought an increase in her pay, and that Huckleberry entered into SAG-AFTRA HBSVOD Minimum Three-Day or Weekly Agreements with Raven C., Inc. for the provision of guest performer services by Carano on episodes 204, 206, 207, and 208 with payment of $25,000 per episode plus a one-time $5,000 reprisal bonus in connection with Carano's work on episode 204.  Disney also admits that Huckleberry entered into a separate consulting services agreement dated October 7, 2019 with Raven C., Inc. in recognition of Carano's consulting services, including public relations and publicity

not otherwise covered by performer agreements, for which Carano was to be paid
an additional $25,000 per episode of Season 1.  Disney denies the balance of the
allegations of Paragraph 24 and/or avers that they contain legal argument and/or
conclusions of law to which no answer is required.

25.    Disney admits that Carano portrayed and represented the fictional
character, Cara Dune, who was a recognized and popular character in the second
season of *The Mandalorian*.  Disney denies that Carano's social media activity did
not detract from fans' reaction to both her appearance on the show and the show
more generally, and otherwise lacks knowledge or information sufficient to form a
belief as to the truth of the balance of the allegations of Paragraph 25 and on that
basis denies the same.

26.    Disney admits the allegations of Paragraph 26.

27.    Disney denies the allegations of Paragraph 27.

28.    Disney admits that Lucasfilm President Kathleen Kennedy announced
during the December 2020 Disney Investor Day that *The Rangers of the New
Republic* was one of the projects in development at Lucasfilm but otherwise denies
the balance of the allegations of Paragraph 28.

29.    Disney denies the allegations of Paragraph 29.

30.    Disney denies the allegations of Paragraph 30 and/or avers that they
contain legal argument and/or conclusions of law to which no answer is required,
except admits that Lucasfilm made the following public statement on February 10,
2021: "Gina Carano is not currently employed by Lucasfilm and there are no plans
for her to be in the future. Nevertheless, her social media posts denigrating people
based on their cultural and religious identities are abhorrent and unacceptable."

31.    Disney denies the allegations of Paragraph 31 and/or avers that they
contain legal argument and/or conclusions of law to which no answer is required,
except admits that Lucasfilm made the following public statement on February 10,
2021: "Gina Carano is not currently employed by Lucasfilm and there are no plans

for her to be in the future. Nevertheless, her social media posts denigrating people based on their cultural and religious identities are abhorrent and unacceptable."

32.    Disney denies the allegations of Paragraph 32 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required, except admits that Lucasfilm made the following public statement on February 10, 2021: "Gina Carano is not currently employed by Lucasfilm and there are no plans for her to be in the future. Nevertheless, her social media posts denigrating people based on their cultural and religious identities are abhorrent and unacceptable."

33.    Disney denies the allegations of Paragraph 33 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

34.    Disney admits that the cited article quotes TWDC's then-CEO Bob Chapek as saying that that Disney's values are "values that are universal: values of respect, values of decency, values of integrity, and values of inclusion," but otherwise denies the balance of the allegations of Paragraph 34.

35.    Disney denies the allegations of Paragraph 35 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

36.    Disney denies the allegations of Paragraph 36 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

37.    Disney denies the allegations of Paragraph 37 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

38.    Disney denies the allegations of Paragraph 38 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

39.    Disney denies the allegations of Paragraph 39 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

40.    Disney denies the allegations of Paragraph 40 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

41.    Disney admits that X, formerly known as Twitter, is a website or application that enables users to create and share content or to participate in social

networking, and that Carano uses X and/or Twitter, including to engage with members of the *Star Wars* online fan community, but lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 41 and on that basis denies the same.

42.    Disney admits that X allows its users to post content and see certain content posted by other users, and also allows its users to follow, and be followed by, other users who post on X, and that Carano uses X and/or Twitter, including to engage with members of the *Star Wars* online fan community.  The allegation in Paragraph 42 that "X thus provides a vehicle for the exercise of several constitutionally protected freedoms, including the freedom of thought, the freedom of belief, the freedom of speech, and the freedom of association" is legal argument and/or a conclusion of law as to which no responsive pleading is required.  Disney otherwise lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 42 and on that basis denies the same.

43.    Disney admits that Carano uses X and/or Twitter, including to engage with members of the *Star Wars* online fan community, denies that Disney subjected Carano to discrimination and harassment, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 43 and on that basis denies the same.

44.    Disney admits that Instagram is a website or application that enables users to create and share content or to participate in social networking, and that Carano uses Instagram, including to engage with members of the *Star Wars* online fan community, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 44 and on that basis denies the same.

45.    Disney denies the allegations of Paragraph 45 and/or lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 45 and on that basis denies the same.

46.    Disney admits that Carano drew the ire of members of the *Star Wars* online fan community, but lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 46 and on that basis denies the same.

47.    Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and on that basis denies the same.

48.    Disney admits that "ACAB" can be used as an acronym for "All Cops Are Bastards" but lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 48 and on that basis denies the same.

49.    Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and on that basis denies the same.

50.    Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and on that basis denies the same.

51.    Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and on that basis denies the same.

52.    Disney admits based on information and belief that Carano posted the screenshotted tweet, but otherwise denies the balance of the balance of the allegations of Paragraph 52.

53.    Disney admits based on information and belief that Carano posted the screenshotted tweet, but lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 53 and on that basis denies the same.

54.    Disney admits that Chris Bartlett is an actor on *The Mandalorian*, but denies the allegation that "Defendants did nothing to support Carano" and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 54 and on that basis denies the same.

55.     Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and on that basis denies the same.

56.     Disney admits based on information and belief that Carano posted the screenshotted tweet, but lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 56 and on that basis denies the same.

57.     Disney admits based on information and belief that Carano posted the screenshotted tweets, but lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 57 and on that basis denies the same.

58.     Disney admits that Lucasfilm issued the February 10, 2021 statement, and that Disney employee(s) voiced disagreement with her views on Covid and/or Covid vaccines, but otherwise Disney denies the remaining allegations of Paragraph 58.

59.     Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and on that basis denies the same.

60.     Disney admits the allegations of Paragraph 60, at least as to X.

61.     Disney admits based on information and belief that cited article contains the quoted text, but lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 61 and on that basis denies the same.

62.     Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and on that basis denies the same.

63.     Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and on that basis denies the same.

64.     Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 and on that basis denies the same.

65.     Disney admits based on information and belief that on or about September 12, 2020, Carano added "boop/bop/beep" to her Twitter profile, purportedly a reference to a sound a "droid" in the *Star Wars* universe would make, but lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 65 and on that basis denies the same.

66.     Disney admits based on information and belief that Carano posted the screenshotted tweet, but lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 66 and on that basis denies the same.

67.     Disney admits that many understood Carano's use of *Star Wars* indicia ("boop/bop/beep") on her social media profile as a way to mock transgender individuals or those who support the transgender community, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 67 and on that basis denies the same.

68.     Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and on that basis denies the same.

69.     Disney admits based on information and belief that Carano posted the screenshotted tweet, again purportedly using *Star Wars* indicia ("beep/bop/boop"), but lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 69 and on that basis denies the same.

70.     Disney admits based on information and belief that Carano posted the screenshotted tweet, but otherwise denies the balance of the allegations of Paragraph 70.

71.     Disney admits based on information and belief that Carano posted the screenshotted tweet, but otherwise denies the balance of the allegations of Paragraph 71.

72.     Disney admits based on information and belief that Carano posted the screenshotted tweet, again purportedly using *Star Wars* indicia ("beep/bop/boop"

and an image of the R2-D2 character), but lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 72 and on that basis denies the same.

73.    Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 and on that basis denies the same.

74.    Disney denies that posts by two social media users constitutes "many," and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 and on that basis denies the same.

75.    Disney admits that it (and Carano's own representatives) attempted to work with Carano to help her understand why her posts were hurtful and were harmful to *The Mandalorian*, but otherwise denies the balance of the allegations of Paragraph 75.

76.    Disney admits that it (and Carano's own representatives) attempted to work with Carano to help her understand why her posts were hurtful and harmful to *The Mandalorian*, and that, as part of those discussions, Carano agreed to meet with representatives of GLAAD, but otherwise denies the balance of the allegations of Paragraph 76.

77.    Disney denies the allegations of Paragraph 77.

78.    Disney denies the allegations of Paragraph 78.

79.    Disney admits based on information and belief that there was a GoFundMe campaign entitled "Trans Rights are Human Rights: This is the Way," but lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 79.

80.    Disney admits based on information and belief that the GoFundMe account in question was not established by any Lucasfilm employees (and, accordingly, there were no employees to "discipline," as Carano alleges), but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 and on that basis denies the same.

81.    Disney denies the allegations of Paragraph 81.

82.    Disney admits that Leslye Headland produced another series set within the *Star Wars* universe, and admits based on information and belief that Headland donated to the GoFundMe campaign entitled "Trans Rights are Human Rights: This is the Way," but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 82 and on that basis denies the same.

83.    Disney admits that its use of Carano in promotional activity for *The Mandalorian* was impacted by the disruptive public attention Carano generated both for herself and for the show as a result of her posts, but otherwise denies the allegations of Paragraph 83.

84.    Disney admits that Carano rejected its request that she meet with Lucasfilm PRIDE employee resource group and that Disney declined her offer to take a handful of employees out to dinner during Covid, but otherwise denies the balance of the allegations of Paragraph 84.

85.    Disney denies the allegations of Paragraph 85.

86.    Disney admits that Season 2 of *The Mandalorian* launched in the fall of 2020, but denies the allegations of Paragraph 86.

87.    Disney admits the allegations of Paragraph 87.

88.    Disney admits based on information and belief that Carano posted the screenshotted tweet, but otherwise denies the balance of the allegations of Paragraph 88.

89.    Disney admits that Carano's posts garnered unfavorable and disruptive public attention, for Carano and *The Mandalorian*, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and on that basis denies the same.

90.    Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 and on that basis denies the same.

91.    Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 and on that basis denies the same.

92.    Disney admits based on information and belief that Carano posted the screenshotted tweet, but lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 92 and on that basis denies the same.

93.    Disney denies the allegations of Paragraph 93.

94.    Disney admits that Carano portrayed and represented the fictional character, Cara Dune, who was a recognized and popular character on *The Mandalorian*, but denies that Carano's social media activity did not detract from fans' reaction to both her appearance on the show and the show more generally.

95.    Disney admits that on January 8, 2021, Lynne Hale sent an email to Carano which included Disney's coverage of the unfavorable and distracting social media mentions of "Gina Carano" and the hashtag "#FireGinaCarano" over the past seven days, but otherwise denies the balance of the allegations of Paragraph 95.

96.    Disney admits that Lynne Hale sent a January 8, 2021 email to Carano, but denies the balance of the allegations of Paragraph 96.

97.    Disney admits that Lynne Hale sent a January 8, 2021 email to Carano, but denies the balance of the allegations of Paragraph 97.

98.    Disney denies the allegations of Paragraph 98.

99.    Disney admits based on information and belief that Carano participated in an episode of The Federalist Radio Hour that was posted on January 12, 2021, in which she commingled discussion of "her role in the *Star Wars* series" along with other political topics, and that Carano posted a link to that interview on her Facebook profile on that same day.  Disney lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 99 and on that basis denies the same.

100.   Disney admits that on January 22, 2021, Disney tweeted via its @starwars Twitter account, "Our Star Wars community is one of hope and inclusivity. We do not stand for bullying and racism. We support @KrystinaArielle."  Disney denies the balance of the allegations of Paragraph 100.

101.   Disney admits that on January 18, 2021, Disney tweeted via its @starwars Twitter account, "There comes a time when one must take a position that is neither safe, nor politic, nor popular, but he must take it because conscience tells him it is right. – Martin Luther King, Jr."  Disney denies the balance of the allegations of Paragraph 101.

102.   Disney admits based on information and belief that Carano made the screenshotted post on February 10, 2021, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 102 and on that basis denies the same.

103.   Disney denies the allegations of Paragraph 103.

104.   Disney admits based on information and belief that the cited article includes the quoted statement, but otherwise denies the balance of the allegations of Paragraph 104.

105.   Disney admits that the persecution of the Jewish people began long before the concentration camps, as acknowledged by the post included in Paragraph 105, but otherwise denies the balance of the allegations of Paragraph 105.

106.   Disney admits that the late Carl Weathers was also an actor on *The Mandalorian*, but otherwise denies the balance of the allegations of Paragraph 106.

107.   Disney denies the allegations of Paragraph 107 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

108.   Disney denies the allegations of Paragraph 108, except admits that Lucasfilm made the following public statement on February 10, 2021: "Gina Carano is not currently employed by Lucasfilm and there are no plans for her to be

in the future. Nevertheless, her social media posts denigrating people based on their cultural and religious identities are abhorrent and unacceptable."

109. Disney denies the allegations of Paragraph 109.

110. Disney denies the allegations of Paragraph 110.

111. Disney admits that it did not contact Carano in person before Lucasfilm made its February 10, 2021 statement, and lacks knowledge or information sufficient to form a belief as to the truth of how Carano "first learned" about Lucasfilm's statement and on that basis denies the same, but otherwise denies the balance of the allegations of Paragraph 111.

112. Disney lacks knowledge or information sufficient to form a belief as to the truth of whether Carano "was inundated with stalkers and media hounding her at home" or "feared for her personal safety," and on that basis denies the same, but otherwise denies the balance of the allegations of Paragraph 112.

113. Disney denies the allegations of Paragraph 113.

114. Disney denies the allegations of Paragraph 114.

115. Disney lacks knowledge or information sufficient to form a belief as to the truth of whether "when someone wishes to attack Carano's appearance at any event, they frequently cite Defendants' statement" and "repeat" it, and on that basis denies the same, but otherwise denies the balance of the allegations of Paragraph 115.

116. Paragraph 116 contains legal argument and/or conclusions of law as to which no responsive pleading is required. To the extent that a response is required, Disney denies the allegations of Paragraph 116.

117. Disney admits that in November 2020, Carano filmed an episode of *Running Wild with Bear Grylls*, an adventure television program, and that TWDC indirectly owns NatGeo, but otherwise denies the balance of the allegations of Paragraph 117.

118. Disney denies the allegations of Paragraph 118.

119.   Disney admits that the episode of *Running Wild with Bear Grylls* that included Carano was aired on May 10, 2021, but otherwise denies the balance of the allegations of Paragraph 119.

120.   Disney admits that the episode of *Running Wild with Bear Grylls* that included Carano was aired on May 10, 2021, but otherwise denies the balance of the allegations of Paragraph 120.

121.   Disney denies the allegations of Paragraph 121.

122.   Disney denies the allegations of Paragraph 122.

123.   Disney admits on information and belief the allegations of Paragraph 123

124.   Disney admits on information and belief the allegations of Paragraph 124.

125.   Disney admits that Bill Burr was an actor on *The Mandalorian*, and admits based on information and belief that Burr made the quoted statement in February 2021, but otherwise denies the balance of the allegations of Paragraph 125.

126.   Disney admits based on information and belief that a former Forbes contributor expressed an opinion critiquing Disney's response to Carano's social media activity and citing to a recent poll, but otherwise denies the balance of the allegations of Paragraph 126.

127.   Disney denies the allegations of Paragraph 127 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

128.   Disney admits that Pedro Pascal starred as the titular character in *The Mandalorian*, but otherwise denies the balance of the allegations of Paragraph 128.

129.   Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129 and on that basis denies the same.

130.   Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130 and on that basis denies the same.

131.   Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 and on that basis denies the same.

132.   Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132 and on that basis denies the same.

133.   Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133 and on that basis denies the same.

134.   Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134, save the fact that the post was quickly removed, and on that basis denies the same.

135.   Disney admits the allegations of Paragraph 135.

136.   Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136 and on that basis denies the same.

137.   Disney admits the allegations of Paragraph 137.

138.   Disney admits that Mark Hamill is legendary actor who has portrayed Luke Skywalker across various *Star Wars* productions dating back to 1977, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of Paragraph 138 and on that basis denies the same.

139.   Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139 and on that basis denies the same.

140.   Disney lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140 and on that basis denies the same.

141.   Disney admits the allegations of Paragraph 141.

142.   Disney denies the allegations of Paragraph 142.

143.   Disney admits the allegations of Paragraph 143.

144.   Disney denies the allegations of Paragraph 144.

1

## FIRST CLAIM FOR RELIEF:
## WRONGFUL DISCHARGE
## California Labor Code §§ 1101 *et seq.*

2

3      145.   Disney incorporates by reference the answers to Paragraphs 1 through

4  144, as though fully set forth herein.

5      146.   Disney admits the allegations of Paragraph 146.

6      147.   Paragraph 147 contains legal argument and/or conclusions of law as to

7  which no responsive pleading is required.  To the extent an answer is required,

8  Disney denies such allegations.

9      148.   Paragraph 148 contains legal argument and/or conclusions of law as to

10  which no responsive pleading is required.  To the extent an answer is required,

11  Disney denies such allegations.

12      149.   Disney admits the allegations of Paragraph 149.

13      150.   Paragraph 150 contains legal argument and/or conclusions of law as to

14  which no responsive pleading is required.  To the extent an answer is required,

15  Disney denies such allegations.

16      151.   Paragraph 151 contains legal argument and/or conclusions of law as to

17  which no responsive pleading is required.  To the extent an answer is required,

18  Disney denies such allegations.

19      152.   Paragraph 152 contains legal argument and/or conclusions of law as to

20  which no responsive pleading is required.  To the extent an answer is required,

21  Disney denies such allegations.

22      153.   Paragraph 153 contains legal argument and/or conclusions of law as to

23  which no responsive pleading is required.  To the extent an answer is required,

24  Disney denies such allegations.

25      154.   Paragraph 154 contains legal argument and/or conclusions of law as to

26  which no responsive pleading is required.  To the extent an answer is required,

27  Disney denies such allegations.

28      155.   Disney admits the allegations of Paragraph 155.

156.   Paragraph 156 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

157.   Paragraph 157 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

158.   Paragraph 158 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

159.   Paragraph 159 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

160.   Paragraph 160 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

### SECOND CLAIM FOR RELIEF:
### WRONGFUL DISCHARGE AND REFUSAL TO HIRE
### California labor Code § 98.6

161.   Disney re-alleges and incorporates by reference Paragraphs 1-160 inclusive of its Answer, as though fully set forth herein.

162.   Disney admits the allegations of Paragraph 162.

163.   Paragraph 163 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

164.   Paragraph 164 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

165.   Paragraph 165 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

166.   Paragraph 166 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

167.   Paragraph 167 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

168.   Paragraph 168 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

169.   Paragraph 169 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

170.   Paragraph 170 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

171.   Paragraph 171 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

### THIRD CLAIM FOR RELIEF:
### SEX DISCRIMINATION
### California Gov't Code § 12940

172.   Disney re-alleges and incorporates by reference Paragraphs 1-171 inclusive of its Answer, as though fully set forth herein.

173.   Disney admits the allegations of Paragraph 173.

174.   Paragraph 174 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

175.   Paragraph 176 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

176.   Paragraph 176 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

177.   Paragraph 177 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations, except that Disney admits that it did not make any public statements about any other social media posts by any other actors on *The Mandalorian*—male or female.

178.   Paragraph 178 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

179.   Paragraph 179 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

180.   Paragraph 180 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

181.   Paragraph 181 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

182.    Paragraph 182 contains legal argument and/or conclusions of law as to which no responsive pleading is required.  To the extent an answer is required, Disney denies such allegations.

## PRAYER FOR RELIEF

1.    With respect to the relief requested in Paragraph 1 of the Prayer for Relief, Disney specifically and generally denies that Carano is entitled to any of the relief requested in said Paragraph.

2.    With respect to the relief requested in Paragraph 2 of the Prayer for Relief, Disney specifically and generally denies that Carano is entitled to any of the relief requested in said Paragraph.

3.    With respect to the relief requested in Paragraph 3 of the Prayer for Relief, Disney specifically and generally denies that Carano is entitled to any of the relief requested in said Paragraph.

4.    With respect to the relief requested in Paragraph 4 of the Prayer for Relief, Disney specifically and generally denies that Carano is entitled to any of the relief requested in said Paragraph.

5.    With respect to the relief requested in Paragraph 5 of the Prayer for Relief, Disney specifically and generally denies that Carano is entitled to any of the relief requested in said Paragraph.

6.    With respect to the relief requested in Paragraph 6 of the Prayer for Relief, Disney specifically and generally denies that Carano is entitled to any of the relief requested in said Paragraph.

7.    With respect to the relief requested in Paragraph 7 of the Prayer for Relief, Disney specifically and generally denies that Carano is entitled to any of the relief requested in said Paragraph.

8.    With respect to the relief requested in Paragraph 8 of the Prayer for Relief, Disney specifically and generally denies that Carano is entitled to any of the relief requested in said Paragraph.

9.     Disney admits the allegations of Paragraph 9 of the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Disney asserts the following affirmative defenses without admitting or acknowledging that it bears the burden of proof to any of the defenses set forth herein.  Disney reserves the right to amend this Answer, as necessary, to assert additional defenses that become apparent during discovery and investigation of this case.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Carano's claims are barred, in whole or in part, by Carano's failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Protected First Amendment Activity)

Carano's claims are barred, in whole or in part, on the grounds that the acts, omissions, and conduct alleged therein constituted an exercise by Disney of free speech or association activities protected under the First Amendment of the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

Carano's claims are barred, in whole or in part, by Carano's unclean hands or inequitable actions.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

Carano's claims are barred, in whole or in part, because Carano waived the right, if any, to pursue her claims by reason of her own actions and course of conduct.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Carano's claims are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Causation)

Carano's claims are barred, in whole or in part, because Disney's conduct was not the actual or proximate cause of Carano's alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Acts of Other Parties)

Carano's claims are barred, in whole or in part, because the harms she claims were caused, in whole or in part, by the fault, acts, and/or omissions of Carano and/or third parties.

## EIGHTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

Carano's claims are barred, in whole or in part, because to the extent Carano was a Disney employee, although such is not admitted hereby or herein, Carano was an at-will employee subject to discharge with or without cause at any time for any lawful reason under § 2922 of the California Labor Code.

## NINTH AFFIRMATIVE DEFENSE

### (Not an "Employee")

Carano's first and second claims are barred, in whole or in part, because Carano was not an "employee" within the meaning of §§ 1101, 1102, or 98.6 of the California Labor Code.

## TENTH AFFIRMATIVE DEFENSE

### (Not an "Applicant for Employment")

Carano's second claim is barred, in whole or in part, because Carano was not an "applicant for employment" within the meaning of § 98.6 of the California Labor Code.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Political Action, Affiliation, or Activity)

Carano's first and second claims are barred, in whole or in part, because Carano did not engage in a protected political action or activity within the meaning of §§ 1101, 1102, or 98.6 of the California Labor Code.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Political Motivation)

Carano's first and second claims are barred, in whole or in part, because each and every alleged action Disney took or implemented with respect to and/or related to Carano was apolitical, *i.e.* was not "based on a political motive" within the meaning of §§ 1101 or 1102 of the California Labor Code.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Rule, Regulation, or Policy)

Carano's first and second claims are barred, in whole or in part, because Disney did not make, adopt, have, or enforce any rule, regulation, or policy within the meaning of § 1101 of the California Labor Code.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Coercion)

Carano's first and second claims are barred, in whole or in part, because Disney did not coerce or influence, or attempt to coerce or influence, Carano to adopt or follow, or refrain from adopting or following, any particular political action or political activity, *i.e.* Carano did not experience a "threat of discharge or loss of employment" within the meaning of § 1102 of the California Labor Code.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Adverse Action)

Carano's second claim is barred, in whole or in part, because Disney did not in any manner discriminate, retaliate, or take any adverse action within the meaning of § 98.6 of the California Labor Code.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Comparators)

Carano's third claim is barred, in whole or in part, because Carano cannot establish that she performed equal work as her alleged comparators or that her alleged comparators expressed similar views but were treated differently by Disney.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Justification)

Carano's claims are barred, in whole or in part, because each and every alleged action Disney took or implemented with respect to and/or related to Carano was motivated by legitimate, non-discriminatory, non-harassing, non-retaliatory reasons and/or as a result of business necessity as Disney exercised its legal rights and/or protected its economic interests.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Carano's claims are barred, in whole or in part, because Carano was treated fairly and in good faith, and that all actions taken with regard to her were taken for lawful business reasons and Disney had a good-faith belief that it had a legal right to engage in such conduct.

## NINETEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Carano's claims are barred, in whole or in part, because even if Disney improperly took an adverse employment action against Carano, although such is not admitted hereby or herein, Carano had engaged in misconduct sufficiently severe so that Disney would have discharged her or not hired her because of that misconduct alone, and that Disney would have discharged or not hired Carano based on that conduct as a matter of settled company policy.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Speculative Damages)

To the extent Carano has sustained or will sustain damages, although such is not admitted hereby or herein, the relief, if any, to which Carano is allegedly entitled is speculative and inherently uncertain.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

To the extent Carano has sustained or will sustain damages, although such is not admitted hereby or herein, the relief, if any, to which Carano is allegedly entitled must be diminished by extent of Carano's failure to mitigate her damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Punitive Damages Unavailable)

To the extent Carano has sustained or will sustain damages, although such is not admitted hereby or herein, punitive damages are unavailable because even if Disney did subject Carano to any wrongful or unlawful conduct, Disney did not act with oppression, fraud, or malice within the meaning of California Civil Code § 3294, nor did an officer, director, or managing agent of Disney authorize or ratify such conduct.  Further, any award of punitive damages in this action would violate Disney's constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as other provisions of the United States Constitution and the California Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Equitable Relief)

To the extent Carano may prevail under any cause of action, although such is not admitted hereby or herein, Carano is barred from any injunctive relief sought because Carano has adequate remedies at law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Election of Remedies/No Duplicative Recovery)

To the extent Carano may prevail under more than one cause of action, although such is not admitted hereby or herein, Disney asserts the defense of election of remedies.

## JURY DEMAND

Disney hereby demands a trial by jury of all issues so triable.

Dated: August 23, 2024                    **O'MELVENY & MYERS LLP**

By: */s/ Daniel M. Petrocelli*
Daniel M. Petrocelli

DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MOLLY M. LENS (S.B. #283867)
mlens@omm.com
KRISTIN MACDONNELL (S.B. #307124)
kmacdonnell@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067-6035
Telephone: +1 310 553 6700
Facsimile:  +1 310 246 6779

JONATHAN D. HACKER (*pro hac vice* pending)
jhacker@omm.com
JOSHUA REVESZ (*pro hac vice*)
jrevesz@omm.com
1625 Eye Street, NW
Washington, DC 20006
Telephone: +1 202 383 5300
Facsimile:  +1 202 383 5414

*Attorneys for Defendants*
*The Walt Disney Company, Lucasfilm Ltd. LLC, and Huckleberry Industries (US) Inc.*