# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CARANO, | ) Case No.: 2:24-cv-01009-SPG (SKx) <br> ) <br> ) <br> ) **ORDER GRANTING IN PART** <br> ) **AND DENYING IN PART** <br> ) **PLAINTIFF'S MOTION TO** <br> ) **COMPEL [ECF 68]** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Plaintiff, | |
| v. | |
| THE WALT DISNEY COMPANY, LUCASFILM LTD, LLC, and HUCKLEBERRY INDUSTRIES (US) | |
| Defendants. | |

    Plaintiff Gina Carano moves to compel production of documents within seven days by Defendant Walt Disney Company in response to her Requests for Production (RFP) 31, 62, 63, 64, 65, and 66. Across these disputed RFPs, the root substantive and material question relevant to the parties' claims or defenses is what information Plaintiff needs (on its own terms or to provide to her testifying damages expert) in order to help establish the amount of compensation she could have reasonably expected to earn from her employment with Walt Disney (in a but-for scenario) had Walt Disney not terminated her employment from *The Mandalorian* television show in February 2021.

    The Court has carefully reviewed the parties arguments and evidence in the joint stipulation and accompanying exhibits; the pleadings with their respective claims and defenses, as well as the

damage amounts in controversy; their joint discovery plan describing the parties' relative access to information, their relative resources, and the relative burdens or expenses involved in satisfying the disputed discovery; and, not least, any substantive orders or other papers in the record establishing the materiality of the disputed discovery in resolving the important stakes at issue in the action.

Based on that analysis, the Court finds in the exercise of its discretion and judgment, in accordance with Federal Rules of Civil Procedure 16, 26, and 37, that (for now) only the information outlined below is both relevant to the parties' claims or defenses and proportional to the needs of the case for Plaintiff's compensatory damages calculations:

1. A spreadsheet, chart, or similar summary listing the compensation (including constituent elements) for Pedro Pascal, Rosario Dawson, and Carl Weathers in (as applicable) Seasons 1, 2, and 3 of *The Mandalorian*; for Rosario Dawson in *The Book of Boba Fett* and Seasons 1 and 2 of *Ahsoka*; for Amandla Stenberg in *The Acolyte*; and for Diego Luna in Seasons 1 and 2 of *Andor*—together with Defendant's verification of the accuracy and completeness of the compensation information provided.

2. With appropriate redactions solely for personally identifiable information (and loanout company or representation information) other than actor's name, the contract(s) for Carl Weathers to perform in Seasons 1, 2, and 3 of *The Mandalorian*.

3. A spreadsheet, chart, or similar summary listing the compensation (including constituent elements) for any lead and supporting actors in Seasons 1, 2, and 3 of *The Mandalorian* who have been (or are expected to be) hired to reprise their roles from that television show in the anticipated feature film *The Mandalorian and Grogu*, together with

Defendant's verification of the accuracy and completeness of the compensation information provided.

    4. Whether by informal attorney proffer or formal discovery responses (including to document requests, deposition questions, interrogatories, or requests for admission), verified information sufficient to show how lead and supporting actors in shows like *The Mandalorian*, *Ahsoka*, *The Acolyte*, *Andor*, *Obi-Wan Kenobi*, *The Book of Boba Fett*, and *Skeleton Crew* have been and continue to be compensated through the present to perform in such Disney+ streaming series, to the extent that there are any material differences in compensation schemes among such Star Wars-themed shows.

As a result, plaintiff's motion to compel production of documents (ECF 68) is granted in part only to the extent just detailed. In any substantive respect not explicitly addressed by this order, the motion to compel is otherwise denied without prejudice.[1]

Unless the parties can agree to other reasonable deadlines without violating the district judge's operative scheduling order, the information ordered to be produced here must be provided within 20 calendar days of this order. The information may be provided on an attorneys-eyes-only basis as designated under the stipulated discovery protective order with the understanding that Plaintiff's disclosed

---

[1] Any potential renewed request for actor contracts (other than for Carl Weathers') or for the budgets and profits of any Disney streaming series or movie may not be made until after Plaintiff discloses her testifying damages expert to Defendant. Even then, no such request (or follow-on discovery motion) is permitted unless the disclosed expert provides (first to defense counsel for meet-and-confer purposes and later to the Court, if needed, for motion practice) a detailed proffer of how exactly specific terms from actor contracts or specific figures from budget/profit information from television shows or feature films will fit into the expert's developing damages model for calculating Plaintiff's lost compensation and why other information already available to that expert (from any source) cannot serve as reasonable substitutes or proxies.

testifying damages expert may see and use the information to form expert opinions and lost-earnings calculations relevant to Plaintiff's demand for compensatory damages. The parties are reminded, however, that such designations are for fact and expert discovery purposes only and will not, by themselves, justify automatic (or even presumptive) sealing of the produced information if later needed by any party for motion practice or at trial.

Meanwhile, nothing in this order alone may be cited as the sole or main basis to establish good cause for any desired modifications of the operative scheduling order. No party has convincingly shown that—with the exercise of due diligence and expected cooperation between counsel and parties—the discovery ordered here cannot be completed within existing deadlines.

The hearing on this matter noticed for April 23, 2025 is vacated. Defendant's request for discovery sanctions is denied.

IT IS SO ORDERED.

Dated: April 3, 2025

STEVE KIM
United States Magistrate Judge